Carl LONG, Appellant,

v.

Elmer TANNER, Appellee.

No. 10–04–00160–CV.

Court of Appeals of Texas,
Waco.

July 13, 2005.

Rehearing Overruled Aug. 2, 2005.

Carl Long, Ft. Stockton, pro se.

Steve A. Keathley, Navarro County Criminal Dist. Atty., Corsicana, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

After this Court affirmed Carl Long's conviction for manufacturing methamphetamine,[1] Long filed suit against the lead investigator in the case Elmer Tanner alleging fraud, violation of equal protection and due process, perjury, and aggravated perjury. The trial court dismissed Long's suit as frivolous. Long presents nine issues challenging the dismissal. We will affirm.

Long contends in his first issue that the court erred by dismissing his suit.[2] Because Long's first issue is dispositive, we do not reach the remainder of his issues.[3]

Long's suit is governed by Chapter 14 of the Civil Practice and Remedies Code. Under section 14.003(a), a trial court may dismiss an inmate's suit if the court finds that claims asserted therein are "frivolous or malicious." TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(2) (Vernon 2002). A

---

1. *See Long v. State,* 137 S.W.3d 726 (Tex.App.-Waco 2004, pet. ref'd).

2. Long's first issue states, "The trial court's dismissal order is wrong and false. Trial court does not want the truth proven."

3. Long's remaining issues concern: (1) the trial court's finding that he raised or could have raised most of the claims asserted in his petition during the course of his criminal trial; and (2) various aspects of the manner in which the criminal investigation and his trial were conducted.

claim is frivolous if it "has no arguable basis in law or in fact." *Id.* § 14.003(b)(2) (Vernon 2002).

■ A court need not hold a hearing to make this determination. *See id.* § 14.003(c) (Vernon 2002) ("the court *may* hold a hearing") (emphasis added); *Mullins v. Estelle High Sec. Unit,* 111 S.W.3d 268, 272 (Tex.App.-Texarkana 2003, no pet.); *Thomas v. Knight,* 52 S.W.3d 292, 293 n. 2 (Tex.App.-Corpus Christi 2001, pet. denied). However, if the court determines without a hearing that a claim is frivolous, that decision may be affirmed on appeal only if the claim has no arguable basis in law. *Retzlaff v. Tex. Dept. of Crim. Just.,* 94 S.W.3d 650, 653 (Tex.App.-Houston [14th Dist.] 2002, pet. denied); *Smith v. Tex. Dept. of Crim. Justice-Institutional Div.,* 33 S.W.3d 338, 340 (Tex. App.-Texarkana 2000, pet. denied).

■ We review this issue *de novo. Retzlaff,* 94 S.W.3d at 653; *Gill v. Boyd Distrib. Ctr.,* 64 S.W.3d 601, 603 (Tex. App.-Texarkana 2001, pet. denied). We take the allegations of the plaintiff's petition as true. *Mullins,* 111 S.W.3d at 272; *Jackson v. Tex. Dept. of Crim. Just.,* 28 S.W.3d 811, 813 (Tex.App.-Corpus Christi 2000, pet. denied). We examine the claims asserted and the relief requested "to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief." *Spurlock v. Johnson,* 94 S.W.3d 655, 658 (Tex.App.-San Antonio 2002, no pet.) (quoting *Jackson,* 28 S.W.3d at 813).

Here, Long asserts claims for fraud, violation of equal protection and due process, perjury, and aggravated perjury, contending: (1) Tanner violated his right to equal protection by sending a confidential informant to convince Long to help manufacture methamphetamine; (2) Tanner chose to arrest only Long and not another person on the premises, whom Long contends was the confidential informant; (3) Tanner relied on an invalid search warrant to enter Long's residence on the date of the arrest; (4) Tanner made false statements in the affidavit he executed for issuance of the search warrant; and (5) Tanner provided perjured testimony in Long's trial.

As relief, Long requests: (1) a new criminal trial; (2) a civil jury trial on the allegations of this suit; (3) $200,000 for lost wages and property; (4) punitive damages; (5) costs and attorney's fees; and (6) general relief.

Long's first claim is for fraud.

The elements of a cause of action for fraud are: "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 211 n. 45 (Tex.2002) (quoting *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 758 (Tex.2001) (orig.proceeding)).

Long does not allege that Tanner made any representations to him and does not allege that he relied on any representations Tanner made. Thus, his petition does not state an arguable claim for fraud.

■ We construe Long's equal protection claim as one of selective enforcement. "To successfully bring a selective prosecution or enforcement claim, a plaintiff must prove that the government official's acts were motivated by improper considerations, such as race, religion, or

the desire to prevent the exercise of a constitutional right." *Beeler v. Rounsavall*, 328 F.3d 813, 817 (5th Cir.), *cert. denied*, 540 U.S. 1048, 124 S.Ct. 820, 157 L.Ed.2d 697 (2003) (quoting *Bryan v. City of Madison*, 213 F.3d 267, 277 (5th Cir. 2000)). "It must be shown that the selective enforcement 'was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Id.* (quoting *Allred's Produce v. USDA*, 178 F.3d 743, 748 (5th Cir.1999) (quoting *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962))).

Long does not assign any constitutionally impermissible bases for Tanner's decision to arrest him and not attempt to arrest the other person on the premises. Long's failure to do so is fatal to his equal protection claim. *See Beeler*, 328 F.3d at 817; *Bryan*, 213 F.3d at 277.

■ We construe Long's "due process" claim to rest on his allegations that Tanner employed a confidential informant to "get" Long to engage in the manufacture of methamphetamine and that Tanner relied on an invalid search warrant.

■ The Seventh Circuit has concluded that a person may assert a private cause of action under section 1983 for a due process violation due to the manner in which a criminal investigation was conducted in very limited circumstances. *See Smith v. Lang*, No. 96-1951, 114 F.3d 1192, 1997 WL 253190, *2 (7th Cir. May 7, 1997) (not designated for publication). "[A] cause of action exists only where the state law violation is so extreme that it rises to the level of a due process violation, such as when the state law violation 'create[s] a serious risk of convicting an innocent person.'" *Id.* (quoting *Eaglin v. Welborn*, 57 F.3d 496, 501 (7th Cir.1995)). "[V]iolations of state entrapment laws do not necessarily create such a risk because the defense of entrapment is an 'excuse for, not a denial of, crime,' and thus 'does not bear on innocence.'" *Smith*, 114 F.3d 1192, 1997 WL 253190, at *2 (quoting *Eaglin*, 57 F.3d at 501).

Long's conviction has been affirmed. He contends that his criminal conduct was justified; he does not deny his involvement. Thus, we hold as a matter of law that Long has not alleged an arguable claim that his right to due process has been violated.

■ Long also asserts causes of action for perjury and aggravated perjury. However, Texas does not recognize a civil cause of action for perjury (or aggravated perjury). *See Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex.1998); *see also Spurlock*, 94 S.W.3d at 658 ("the Texas Penal Code does not create private causes of action"); *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 379 (Tex.App.-Houston [1st Dist.] 2001, pet. denied) (same). Thus, we hold as a matter of law that Long has not alleged an arguable claim for perjury or aggravated perjury.

We overrule Long's first issue and affirm the judgment.