Opinion issued November 2, 2006








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00119-CV




MICHAEL SCOTT, Appellant

V.

RUSSELL J. GALLAGHER, Appellee




On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 04-CV-137159




O P I N I O N
          Appellant, Michael Scott, appeals an order dismissing his lawsuit for failure
to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. See Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.001–.014 (Vernon 2002). In his first issue,
Scott asserts that the trial court did not have jurisdiction and, therefore, its order of
dismissal is void. In his second and third issues, Scott contends that the trial court
abused its discretion by dismissing his lawsuit because (1) no proof establishes that
he failed to file an affidavit of previous lawsuits, (2) any complaints about the
affidavit were waived when defects in the affidavit were not specifically pointed out,
and (3) his lawsuit was not frivolous. We conclude that the trial court properly
exercised jurisdiction over this matter. We further conclude that Scott’s claim is
frivolous under Chapter 14 of the Civil Practice and Remedies Code. We therefore
affirm. Background
          Scott was an inmate at the Texas Department of Corrections William P.
Clements Unit. Appellee, Russell J. Gallagher, was a corrections officer at the unit. 
Scott filed this lawsuit against Gallagher and an unspecified number of “John Doe”
defendants alleging that Gallagher and the John Doe defendants committed “civil
assault and battery” by intentionally using chemical agents against a prisoner housed
near Scott for the sole purpose of causing the chemical agents to physically affect
Scott. Inmate Scott filed this lawsuit in forma pauperis in the Fort Bend County
District Court by filing an unsworn declaration asserting that he is incarcerated and
has no funds in his inmate trust account or from any other source to pay the filing fees
for this lawsuit. At the time he filed his original petition, Scott also filed the
following documents required under Chapter 14 of the Texas Civil Practice and
Remedies Code: (1) a copy of the offender grievance form complaining to the prison
authorities about the facts asserted in this lawsuit and (2) an unsworn declaration
detailing over 30 previous lawsuits filed by Scott. Scott later amended his petition.
          Gallagher filed a motion to dismiss under Chapter 14 of the Civil Practice and
Remedies Code. Gallagher’s motion to dismiss asserts that Scott’s lawsuit must be
dismissed because (1) he failed to file an affidavit or unsworn declaration related to
previous filings under sections 14.004(a)(1), 14.004(a)(2), and 14.004(b) of the Civil
Practice and Remedies Code and (2) the lawsuit is frivolous because Gallagher, as a
correctional officer in a prison, could properly use force to maintain security in the
prison. Scott responded to Gallagher’s motion to dismiss by filing an amended
affidavit of previous lawsuits that more specifically detailed each of the prior
lawsuits. Scott also replied to the motion to dismiss by asserting that his lawsuit is
not frivolous because he alleged that Gallagher’s malicious use of chemical agents
waived Gallagher’s right to claim the privilege to use force. The trial court granted
Gallagher’s motion and dismissed the lawsuit. The order dismissing the lawsuit states
that the court found that Scott’s petition was “frivolous and not in compliance with
the requirements set forth in Texas Civil Practice and Remedies Code, Chapter 14.” 
Scott filed a motion for new trial and motion to vacate the trial court’s order of
dismissal, which the trial court denied.
Jurisdiction
          In his first issue, Scott contends that the trial court lacked subject matter
jurisdiction. Scott asserts that the incidents giving rise to this lawsuit occurred at the
William P. Clements Unit, which is in Potter County, but this lawsuit was filed in Fort
Bend County, contrary to a mandatory venue provision of the Texas Civil Practice
and Remedies Code.
          “[A]n action that accrued while the plaintiff was housed in a facility operated
by or under contract with the Texas Department of Criminal Justice shall be brought
in the county in which the facility is located.” Tex. Civ. Prac. & Rem. Code Ann.
§ 15.019(a) (Vernon 2002). Filing a lawsuit in a county of improper venue is not a
jurisdictional defect that would render a trial court’s actions void. See Gordon v.
Jones, 196 S.W.3d 376, 383 (Tex. App.—Houston [1st Dist.] 2006, no pet. h.). 
“Subject matter refers to the court’s power to hear a particular type of suit.” Id. at
382. In contrast, venue “refers to the propriety of prosecuting, in a particular form,
a suit on a given subject matter with specific parties, over which the forum must,
necessarily, have subject-matter jurisdiction.” Id. at 383. “Venue may and generally
does refer to a particular county . . . .” Id. “Venue pertains solely to where a suit may
be brought and is a different question from whether the court has jurisdiction of the
property or thing in controversy.” Id. (citations and internal quotations omitted). 
“Moreover, unlike subject-matter jurisdiction, which may be challenged at any time,
venue may be waived if not challenged in due order and on a timely basis.” Id.
(citing Tex. R. Civ. P. 86(1)) (internal citation omitted). “Because it may be waived,
venue is not ‘jurisdictional.’” Id.
          Scott contends that because the William P. Clements unit is in Potter County,
he should have filed his lawsuit there, rather than Fort Bend County, pursuant to
section 15.019(a) of the Texas Civil Practice and Remedies Code. See Tex. Civ.
Prac. & Rem. Code Ann. § 15.019(a). However, this statutory provision is found
in Chapter 15 of the Civil Practice and Remedies Code, entitled “Venue.” See id. We
conclude that section 15.019(a) is a venue statute that describes the proper county for
an inmate to bring a lawsuit. Accordingly, we hold that the trial court did not lack
jurisdiction and, thus, its order of dismissal is not void.
          We overrule Scott’s first issue. 
In Forma Pauperis Inmate Litigation
          In his second and third issues, Scott contends that the trial court erred by
dismissing his lawsuit under Chapter 14.
          Chapter 14 of the Texas Civil Practice and Remedies Code, entitled “Inmate
Litigation,” applies to a lawsuit brought by an inmate if the inmate seeks to proceed
in forma pauperis by filing an affidavit or unsworn declaration of inability to pay
costs. Tex. Civ. Prac. & Rem. Code Ann. § 14.002. An inmate who desires to
proceed in forma pauperis, as here, must (1) file an affidavit or unsworn declaration
describing all prior pro se lawsuits filed by the inmate, see id. § 14.004, (2) file an
affidavit or unsworn declaration of the date that his claim was filed with the prison
grievance system and the date that a written decision was received, see id. § 14.005,
and (3) file a certified copy of the inmate’s trust account statement with the trial
court, see id. § 14.006(f). A trial court may dismiss an inmate’s lawsuit for failing to
comply with the procedural requirements of Chapter 14. See Williams v. Brown, 33
S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet.). Under Chapter 14,
a trial court may also dismiss a lawsuit that is malicious or frivolous. Tex. Civ.
Prac. & Rem. Code Ann. § 14.003. We review a dismissal under section 14.004 of
the Civil Practice and Remedies Code for abuse of discretion. Clark v. J.W. Estelle
Unit, 23 S.W.3d 420, 421 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). A trial
court commits an abuse of discretion if it acts without reference to guiding rules or
principles. Id.
          It is undisputed that the requirements of Chapter 14 apply to this lawsuit filed
by Scott, an inmate presently incarcerated within the Texas Department of Criminal
Justice who has filed an unsworn declaration requesting permission to proceed in
forma pauperis. The two grounds for dismissal asserted in Gallagher’s motion to
dismiss are that Scott fails to comply with sections 14.004(a)(1), 14.004(a)(2), and
14.004(b) by failing to file a proper affidavit or unsworn declaration describing prior
lawsuits, and that Scott’s lawsuit is frivolous for having no arguable basis in law or
fact because Gallagher, as a correctional officer in a prison, could properly use force
to maintain security in the prison.


 We conclude that the trial court properly
dismissed the lawsuit because it was frivolous and, therefore, we do not address
whether the unsworn declaration was properly filed under Chapter 14.
Dismissal of Frivolous Lawsuit
          Scott contends that the trial court abused its discretion by dismissing his
lawsuit as frivolous for having no arguable basis in law or fact because (1) the trial
court held no evidentiary hearing and (2) his petition specifically alleged that
Gallagher’s use of force was malicious or in bad faith and, thus, was not privileged.



          To determine whether a lawsuit is malicious or frivolous, a court may consider
whether:
(1)the claim’s realistic chance of ultimate success is slight;
 
(2)the claim has no arguable basis in law or in fact;
 
(3)it is clear that the party cannot prove facts in support of the claim; 
or
 
(4)the claim is substantially similar to a previous claim filed by the
inmate because the claim arises from the same operative facts. 

Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b). Gallagher asserted in his motion
to dismiss that Scott’s claim was frivolous because it had no arguable basis in law or
in fact.


 A trial court has discretion whether or not to hold a hearing when dismissing
a suit pursuant to Chapter 14. Moreland v. Johnson, 95 S.W.3d 392, 394 (Tex.
App.—Houston [1st Dist.] 2002, no pet.) (citing Williams v. Brown, 33 S.W.3d 410,
411 (Tex. App.—Houston [1st Dist.] 2000, no pet.)); Tex. Civ. Prac. & Rem. Code
Ann. § 14.003(c) (“the court may hold a hearing”) (emphasis added). When a lawsuit
is dismissed as frivolous for having no basis in law or in fact, but no fact hearing was
held, as here, our review focuses on whether the inmate’s lawsuit has an arguable
basis in law, which we review de novo. Moreland, 95 S.W.3d at 394. We conclude
that the trial court did not err by failing to conduct an evidentiary hearing. See id. 
However, because the trial court did not conduct a hearing concerning the facts, we
review Scott’s lawsuit de novo to determine only whether it had an arguable basis in
law. Id.
          A claim has no arguable basis in law if it is an “indisputably meritless legal
theory.” Minix v. Gonzales, 162 S.W.3d 635, 637 (Tex. App.—Houston [14th Dist.]
2005, no pet.). In conducting our de novo review, we take as true the allegations of
the inmate’s petition. Long v. Tanner, 170 S.W.3d 752, 754 (Tex. App.—Waco 2005,
pet. denied) (citing Mullins v. Estelle High Sec. Unit, 111 S.W.3d 268, 272 (Tex.
App.—Texarkana 2003, no pet.) and Jackson v. Tex. Dep’t of Criminal Justice, 28
S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied)); Harrison v. Tex.
Dep’t of Criminal Justice, 915 S.W.2d 882, 888 (Tex. App.—Houston [1st Dist.]
1995, no writ). In other words, we review the inmate’s petition to determine whether,
as a matter of law, it stated a cause of action that would authorize relief. Long, 170
S.W.3d at 754; Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st
Dist.] 1998, no pet.). A court may not dismiss an inmate’s lawsuit simply because it
thinks that the inmate’s allegations are “unlikely.” Minix, 162 S.W.3d at 637. 
          In his first amended petition, Scott alleged that Gallagher and the John Doe
defendants committed a civil assault and battery by “intentionally us[ing] chemical
agents towards another offender so that the fumes from the chemical agents could
physically affect [Scott].” Scott also alleged that
Gallagher gave orders to several “John Doe” Defendants to use chemical
agents towards another offender (nickname “Jimmy”; last name
“Williams”) who [sic] cell was located close to Plaintiff[’s] cell (12-B-74) for the sole purpose so that the fumes from the chemical agents
could spread and physically affect Plaintiff. One “John Doe” Defendant
then sprayed chemical agents into the cell of the other offender. As an
[sic] result of the Defendant[’s] actions, the chemical agents quickly
spreaded [sic] into Plaintiff[’s] cell causing him [injuries].

          Gallagher moved for dismissal alleging that he had a privilege to use force. A
correctional officer is given a privilege to use force by section 9.53 of the Texas Penal
Code, entitled “Maintaining Security in a Correctional Facility,” which states:
An officer or employee of a correctional facility is justified in using
force against a person in custody when and to the degree the officer or
employee reasonably believes the force is necessary to maintain the
security of the correctional facility, the safety or security of other
persons in custody or employed by the correctional facility, or his own
safety or security.

Tex. Pen. Code Ann. § 9.53 (Vernon 2003). 
          Scott contends that this lawsuit is not frivolous because his petition specifically
alleged that Gallagher’s use of force was malicious or in bad faith, and, thus, was not
privileged. However, Scott did not allege malice or bad faith in either his original or
his amended petition. Scott only alleged that Gallagher directed a John Doe
defendant to use chemical agents against an inmate who was housed near Scott for
the sole purpose of causing the agents to affect Scott. Scott does not allege that the
use of agents was not reasonably believed to be necessary to maintain safety or
security. See id.; see also Hall v. State, 158 S.W.3d 470, 475 (Tex. Crim. App. 2005)
(stating that correctional officer’s use of force within definition of section 9.53 is
lawful). Nor does Scott allege that the degree of force was excessive. See Tex. Pen.
Code Ann. § 9.53; see also Birdo v. DeBose, 819 S.W.2d 212, 215 (Tex.
App.—Waco 1991, no writ) (holding allegation of use of force in bad faith and
“without provocation or justification” sufficient to state valid legal theory against
correctional officers); Johnson v. Peterson, 799 S.W.2d 345, 347 (Tex.
App.—Houston [14th Dist.] 1990, no writ) (affirming dismissal of inmate’s lawsuit
as frivolous because section 9.53 allows use of reasonable force and no allegation of
use of excessive force was made). Scott has pleaded a cause of action that states only
that Gallagher used force against him by using chemical fumes that physically injured
him. Gallagher, as a correctional officer, is justified in using force against Scott, a
person in custody of the correctional facility, “when and to the degree” that Gallagher
“reasonably believes the force is necessary to maintain the security of the correctional
facility.” See Tex. Pen. Code Ann. § 9.53. Scott has not pleaded any facts that
assert that the force used by Gallagher was excessive, unreasonable, or unnecessary
to maintain security. See id. We therefore conclude that Scott’s lawsuit is frivolous
as a matter of law because the facts asserted fall within the use of force that is
privileged under section 9.53 of the Texas Penal Code. See id. We hold that the trial
court did not abuse its discretion in dismissing this lawsuit as frivolous.
          We overrule Scott’s third issue.
 
Conclusion
          We affirm the trial court’s order of dismissal.
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.