IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00235-CV

No. 10-06-00239-CV

 

In re
Carl Long

 

 



Original Proceeding

 



MEMORANDUM OPINION



 

In these two related original
proceedings, the sole issue is whether the respondent district judge can sua
sponte order the district clerk not to accept Relator Carl Long’s two civil
lawsuits for filing.  Long seeks mandamus relief as to that order.[1]

Long’s mandamus petitions and his
underlying proposed lawsuits evolve from his prior criminal conviction and a related
post-conviction writ of habeas corpus proceeding.  The responses of the
Respondent, the Honorable John H. Jackson, to Long’s petitions (which attach
and rely on findings from an evidentiary hearing before Respondent on Long’s
habeas writ), compel us to summarize the history of legal proceedings leading up
to those now before us.

That history begins with Long’s conviction
of manufacturing a controlled substance (methamphetamine) and forty-five year
prison sentence.  We affirmed that conviction.  See Long v. State, 137
S.W.3d 726 (Tex. App.—Waco 2004, pet. denied).  Among the issues in Long’s
appeal were complaints about (1) the reliability of a confidential informant
(CI) whose information was used to secure the search warrant the led to Long’s
arrest, (2) the trial court’s denial of Long’s motion to disclose the CI’s
identity, and (3) ineffective assistance of counsel.  See id. at 729-36.[2]

Long, a pro se inmate, has also sought
relief in the civil justice system.  He has unsuccessfully sued various persons
involved in his criminal case:  Long v. Phillips, No. 10-04-00109-CV, 2004 WL 1574625 (Tex. App.—Waco July 7, 2004,
no pet.) (mem. op.) (dismissing for lack of jurisdiction Long’s direct appeal
of trial court’s order instructing district clerk not to file Long’s lawsuit
against his two attorneys); Long v. Tanner, 170 S.W.3d 752 (Tex. App.—Waco
2005, pet. denied) (affirming trial court’s dismissal as frivolous of Long’s
suit against lead criminal investigator alleging fraud, violation of equal
protection and due process, perjury, and aggravated perjury); and Long v.
Batchelor, No. 10-04-00161-CV, 2005 WL 1704328 (Tex. App.—Waco July 20,
2005, no pet.) (mem. op.) (affirming trial court’s dismissal as frivolous of
Long’s suit against district attorney alleging fraud, prosecutorial misconduct,
concealment of the truth, tampering with evidence, and withholding of favorable
evidence).

Long also filed a post-conviction writ
of habeas corpus in the Court of Criminal Appeals, claiming ineffective
assistance of counsel at his criminal trial.[3] 
See Ex parte Long, No. WR-34986-06, 2005 WL 3307083 (Tex. Crim. App.
Dec. 7, 2005) (not designated for publication); see also In re Long, No.
10-06-00311-CR, 2006 WL 3593525 (Tex. App.—Waco Dec. 6, 2006, orig. proceeding)
(mem. op.).  The writ was ultimately denied by the Court of Criminal Appeals
without a written order.

            The two proposed lawsuits
arise out of the March 2, 2006 trial court hearing in Long’s post-conviction writ
proceeding.  See Ex parte Long, No. WR-34986-06, 2005 WL 3307083, at *1
(remanding writ proceeding to trial court for evidentiary hearing, if necessary). 
Long’s first proposed suit (No. 06-00235-CV) is against Tony Wright, Long’s
former attorney in his criminal trial, and asserts claims against Wright based
on Wright’s alleged false testimony at the hearing on the writ issues.  In his
mandamus petition, Long alleges that the trial court ordered the district clerk
not to accept Long’s suit for filing and to return it without filing it.  Long
also complains that in the writ hearing, Respondent dismissed Wright as a
witness before Long could write down cross-examination questions for his writ
counsel to ask Wright.  Long explains that he is now suing Wright for
“intrinsic fraud” and “fraud on the court” for Wright’s alleged false testimony
at the writ hearing.  In addition to money damages and the return of his
homestead from Wright, Long seeks another evidentiary hearing and a new
criminal trial.

            Respondent filed a response
to Long’s petition; in it, Respondent does not deny Long’s allegation that he
ordered the district clerk not to file Long’s suit against Wright.  Respondent
explains Long’s suit “would be frivolous, in bad faith, and designed solely to
harass, intimidate, and annoy Mr. Wright” and contends that Long is a vexatious
litigant.[4]

The second proposed suit (No.
06-00239-CV) is against Elaine Stout and Jorja Stout for their failure to obey
subpoenas to appear and testify at Long’s writ hearing.[5]  Long asserts that they can testify
that: Rios broke into Long’s home and threatened to assault Long; Rios
solicited Long’s help in manufacturing methamphetamine; Rios was with Long when
law enforcement arrived at Long’s house with a search warrant and Rios fled
from Long’s house and went to the Stouts’ house; and Rios received $300 from
law enforcement to set up or “frame-up” Long.[6] 
In addition to money damages from the Stouts, Long seeks another evidentiary
hearing and a new criminal trial.

In support of his request for mandamus
relief, Long has tendered a July 18, 2006 order entered by Respondent and
entitled “Order Directing Clerk Not To Accept Filing”:

On this date, the Court reviewed
documents submitted by Carl Long purporting to be a civil suit wherein Jorja
and Elaine Stout are defendants.  This Court has previously addressed numerous
civil suits and requests for post-judgment relief sought by Mr. Long in
connection with his conviction for Manufacture of a Controlled Substance.  All
issues addressed in Mr. Long’s purported filings have been previously resolved in
other proceedings.  Also, the relief sought by Mr. Long with respect to Jorja
and Elaine Stout is not the proper subject of an independent civil suit, there
being more appropriate means to obtain the requested relief.  Further the Court
has found that the testimony of Jorja and Elaine Stout requested by Mr. Long
did not serve to resolve any issues.

 

The Court is hereby directing the Clerk
to return Mr. Long’s documents without filing.

 

Respondent’s response to Long’s mandamus petition
relating to the proposed Stout suit summarizes the writ hearing testimony of Tony
Wright and Don Phillips, Long’s criminal trial counsel (whom Long alleges
provided ineffective assistance), who both testified that they believed that
the Stouts’ testimony would hurt, rather than help, Long.[7] 
But Respondent also acknowledges that Paul Fulbright, Long’s writ counsel,
believes otherwise.  Before concluding that Long’s proposed suit against the
Stouts is an “abuse of process” and that Long is a vexatious litigant, the
response states in part:

7.  This Court granted full authority to Long’s
writ counsel to obtain any information from the Stouts, by any means possible,
whether by affidavit, depositions, or other means.  Mr. Fulbright has advised
this Court that he does believe these witnesses would be helpful, based on his
unsuccessful attempts to contact them, and other information he has gathered.

 

            8.  This Court has agreed to reopen
the testimony relative to writ proceedings at any time and to issue such
processes as are necessary to compel the attendance of Elaine and Jorja Stout. 
This Court would reappoint Mr. Fulbright or other counsel should Mr. [Long] so
desire.

 

From Long’s various filings, it appears
that his litigious quest is primarily focused on getting a new trial by obtaining
evidence showing that his criminal trial counsel provided ineffective
assistance for their failure to subpoena or call Elaine Stout, Jorja Stout, or
Robert Rios as witnesses with respect to Long’s purported duress and entrapment
defenses and, with respect to Rios, the apparent CI, to show that he is or was able
to give testimony necessary to a fair determination of Long’s guilt or
innocence.[8] 
Those issues are reserved for a writ of habeas corpus proceeding.  We note
Respondent’s amenability in his response to Long’s mandamus petition to reopen
the writ proceeding testimony and to issue process for the reopened proceeding,
along with his amenability in his writ findings (Conclusion No. 11) to make
additional findings should the Stouts and Rios be compelled to testify.

The above history does not resolve the
issue in these original proceedings of Respondent’s order that the district
clerk not accept Long’s two proposed civil suits.  It is the trial
court who is “ordering” the district clerk not to file his suits.[9] 
See In re Bernard, 993 S.W.2d at 454 (O’Connor, J., concurring)
(“When a district clerk refuses to accept a pleading for
filing, the party should attempt to file the pleading directly with the
district judge, explaining in a verified motion that the clerk refused to
accept the pleading for filing.  Tex. R.
Civ. P. 74.”).  It is thus within our mandamus power to direct the
district judge to rescind his order to the district clerk not to accept Long’s
lawsuits.  See id. (“Should the district judge refuse to accept the
pleading for filing, this Court would have jurisdiction under our mandamus
power to direct the district judge to file the pleading.”).








In our judicial system, the merits of a
lawsuit are determined after it is filed—not before.  Statutes exist for
determining whether a litigant is vexatious and for the application of
procedures once a litigant has been found to be vexatious.  See Tex. Civ. Prac. & Rem. Code Ann. §§
11.051-.57, 11.101-.104 (Vernon 2002).  Because those statutes have not been
implemented or followed, the trial court abused its discretion.  As for Long,
he must comply with the applicable law on inmate litigation, as long as he
proceeds as an indigent plaintiff.  See id. §§ 14.001-.014.

We further find that Long lacks an adequate remedy by appeal;
there are no underlying actions and thus no appealable orders in those actions.  Cf. Long v. Phillips, No.
10-04-109-CV, 2004 WL 1574625 (Tex. App.—Waco July 7, 2004, no pet.); Simpson
v. Sehorn, No. 10-03-215-CV, 2003 WL 23121314 (Tex. App.—Waco Dec. 31,
2003, no pet.).

We conditionally grant Long’s petitions for writ
of mandamus.[10] 
The writs will issue only if Respondent does not notify us within 14 days that
he has rescinded his order to the district clerk not to accept Long’s lawsuits.

 

BILL VANCE

                                                                                    Justice

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissenting)

Petitions
granted; writs conditionally issued

Opinion
issued and filed March 14, 2007

[OT06]









[1]               We will grant
mandamus relief if there has been an abuse of discretion and the relator has no
adequate legal remedy.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A trial court abuses its discretion when it acts “without
reference to any guiding rules or principles,” or stated another way, when the
trial court acts in an arbitrary and unreasonable manner.  City of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex. 2003).

 





[2]               On the second matter,
a majority of this court held that the trial court (Respondent herein) did not
err.  Id. at 731-33.  The majority rejected Long’s argument that an in
camera hearing was required to determine whether the CI may be able to give
testimony necessary to a fair determination of Long’s guilt or innocence.  Id. at 732.  The majority wrote:  “Robert Rios was a person Long blamed for actually
manufacturing the methamphetamine.  Long also suspected Rios was the CI.”  Id. at 733 n.2.  Long testified in a pretrial hearing that he had only been home
about five minutes before the officers’ arrival and that he had been in Rios'
presence before then; he later testified that he had been home thirty minutes
to one hour before the officers arrived with the search warrant.  Long said
that he “did not knowingly and intentionally manufacture nothing.  I helped
Robert Rios.“  Id. at 733.

 





[3]               Among other things, the Court of
Criminal Appeals ordered the trial court to make findings (1) whether Robert
Rios was subpoenaed as a witness and if not, why not, (2) whether Long’s
counsel decided not to call Elaine Stout as a defense witness, and (3) whether the
defenses of entrapment and duress were ever raised or argued, jury instructions
on those defenses requested, and if so, were they granted or denied and why.  Ex parte Long, 2005 WL 3307083, at *1.





[4]               Respondent attached his findings
from the March 2, 2006 habeas hearing to his response.  Those findings address,
inter alia, Wright’s involvement as Long’s trial counsel and Wright’s
testimony at the writ hearing on the matters set out by the Court of Criminal
Appeals.

 





[5]               Long contends in his
mandamus petition that the Stouts were subpoenaed for his habeas hearing but
did not appear because of Elaine Stout’s illness.  He states that his habeas
counsel thus served the Stouts with written questions to be answered under
oath, but they failed to answer them.

 





[6]               Long has submitted to us the
affidavit of Joe B. Brooks, which we note not for any evidentiary value, but to
place in context the writ proceeding with the relief sought in Long’s proposed
suits.  The Brooks affidavit states verbatim:

1)      
Mr. Robert Rios, told me
personally and voluntarily “that he did run from the home of Carl Long’s when
the police officers arrived.”

2)      
Robert Rios, also told me
personally and voluntarily “that the police/sheriff’s department gave him
$300.00 dollars cash to set Carl Long up.”

3)      
Robert Rios asked me to “lie”
and say that he was with me and not with Carl Long on the night of Carl Long’s
arrest.  I would not have lied.  I was never asked!

4)      
Mr Robert Rios is now living in Abilene, Texas, and I can and will provide his telephone number to any/all court authority
upon request.

 

[sic]





[7]               This response likewise attaches
Respondent’s writ findings, which note (Finding 21) that Elaine Stout’s sworn
statement dated April 26, 2001 was admitted at the writ hearing.  Long has
submitted that sworn statement as evidence in this original proceeding, but we
acknowledge it only for its contextual value.  It states verbatim:

I Elaine Stout was in court the day of Carl Longs’
trail.  Don Phillips was Carl’s attorney, Don Phillips asked me what I knew
about Carl’s case.  I then told him what I knew and what I believed happen the
night of the crime.  One thing I told him, was the night of the crime “Robert
Rios left with Carl came back a couple hours later and left again.  Then I
heard on the scanner Carl had been arrested and there was an unknown subject to
run just a few minutes after I heard this Robert came walking up to my house. 
Robert was living with me at the time.”  Then Don Phillips told me he was tired
of this nonsense and said he was not putting any one else on the witness stand.

 

[sic]





[8]               It appears that neither the Stouts
nor Rios has ever provided in-court testimony relative to Long’s issues.

 





[9]               The district clerk
has a ministerial duty to accept and file all pleadings presented for filing.  In
re Bernard, 993 S.W.2d 453, 454 (Tex. App.—Houston [1st Dist.] 1999, orig.
proceeding) (O’Connor, J., concurring); see also DeLeon v. District Clerk,
187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding).  But, a court of
appeals has no jurisdiction to issue a writ of mandamus against a district
clerk except to protect our jurisdiction.  See Tex. Gov’t Code Ann. § 22.221(b) (Vernon 2004);
In re Bernard, 993 S.W.2d 453, 454 (Tex. App.—Houston [1st Dist.] 1999,
orig. proceeding).  The district court also has the power to issue writs to
enforce its jurisdiction.  See Tex. Gov’t
Code Ann. § 24.011 (Vernon 2004); In re Bernard, 993
S.W.2d at 454 (O’Connor, J., concurring) (“When a district clerk refuses to
accept a pleading presented for filing, the party presenting the document may
seek relief by filing an application for writ of mandamus in the district
court.”). 





[10]             In a supplemental petition, Long
requests that we order the trial court to have a civil jury trial, a change in
venue, and an evidentiary hearing in both proposed lawsuits.  Those requests
have not been made or ruled on in the trial court; they thus cannot be the proper
subject of relief in these proceedings.