ACCEPTED
15-25-00118-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/8/2025 11:44 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00118-CV

# In the
# Fifteenth Court of Appeals of Texas
## at Austin

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/8/2025 11:44:52 AM
CHRISTOPHER A. PRINE
Clerk

James Brickley,
*Appellant,*

v.

Nicholas Walton,
*Appellee.*

On Appeal from Order of Dismissal
440th Judicial District Court, Coryell County, Texas
Trial Court Cause No. DC-24-55842

## APPELLEE'S BRIEF

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**BRIANA M. WEBB**
Assistant Attorney General
Acting Chief, Law Enforcement Defense Division

**ABIGAIL K. CARTER\***
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78701
(512) 475-3586
Abigail.Carter@oag.texas.gov

*Counsel of Record

COUNSEL FOR DEFENDANT-APPELLEE

TABLE OF CONTENTS

Table of Authorities............................................................................3

Statement Regarding Oral Argument ......................................................5

Issues Presented...............................................................................6

Statement of Facts ............................................................................7

Summary of the Argument ....................................................................9

Standard of Review ..........................................................................11

Arguments & Authorities.....................................................................12

    I.   Appellant explicitly asserts in his complaint that his claim arises under the Texas Penal Code, not any other statute......................12

    II.  The Texas Penal Code does not create private causes of action. ...14

    III. Appellant cannot cure a jurisdictional defect by pleading new or different additional claims. ..........................................16

    IV. If a jurisdictional defect cannot be cured through amendment, the proper remedy is dismissal with prejudice....................18

    V.  Even if Appellant is allowed to amend his pleadings to assert facts under the TTLA, the state has not waived sovereign immunity for TTLA claims. ...............................................19

    VI. Appellee's attorney, through his employment with the Texas Office of Attorney General, had authority to defend Appellee. ...............21

Conclusion .....................................................................................22

Certificate of Compliance...................................................................23

Certificate of Service ........................................................................24

# TABLE OF AUTHORITIES

*Cases*

*Alamo Heights I.S.D. v. Clark,*
  544 S.W.3d 755 (Tex. 2018)..................................................................11
*Clint Indep. Sch. Dist. v. Marquez,*
  487 S.W.3d 538 (Tex. 2016).............................................................9, 17
*Cty. of Cameron v. Brown,*
  80 S.W.3d 549 (Tex. 2002)..................................................................12
*Harris Cnty. v. Deary,*
  695 S.W.3d 566 (Tex. App.—Houston [1st Dist.] 2024, no pet.)....10, 18
*Harris Cnty. v. Dillard,*
  833 S.W.2d 166 (Tex. 1994)................................................................19
*Harris Cnty. v. Sykes,*
  136 S.W.3d 635 (Tex. 2004)..........................................................11, 19
*Heckman v. Williamson Cnty.,*
  369 S.W.3d 137 (Tex. 2012)................................................................11
*Hosner v. DeYoung,*
  1 Tex. 764 (1847) ................................................................................19
*Joyner v. DeFriend,*
  255 S.W.3d 281 (Tex. App. 2008) ...............................................9, 11, 14
*Long v. Tanner,*
  170 S.W.3d 752 (Tex. App.—Waco 2005, pet. denied)........................14
*Prairie View A&M Univ. v. Chatha,*
  381 S.W.3d 500 (Tex. 2012)................................................................20
*Presidio Indep. Sch. Dist. v. Scott,*
  309 S.W.3d 927 (Tex. 2010)................................................................11
*Sai Monahans Brother Hosp., LLC v. Monahans Econ. Dev. Corp.,*
  657 S.W.3d 438 (Tex. App.—El Paso 2022, no pet.) ........................9, 17
*Spurlock v. Johnson,*
  94 S.W.3d 655 (Tex. App.—San Antonio 2002, no pet.) ......................14
*Tex. Dep't of Parks & Wildlife v. Miranda,*
  133 S.W.3d 217 (Tex. 2004)............................................ 10, 12, 18, 19
*Tex. DOT v. Ramirez,*
  74 S.W.3d 864 (Tex. 2002)..................................................................16
*Texas A & M Univ. Sys. v. Koseoglu,*
  233 S.W.3d 835 (Tex. 2007)..........................................................18, 19

*Texas Ass'n of Bus. v. Texas Air Control Bd.*,
  852 S.W.2d 440 (Tex. 1993)......................................................11, 12, 16
*Trevino v. Ortega*,
  969 S.W.2d 950 (Tex. 1998)...............................................................9, 14

*Statutes*

42 U.S.C. § 1983 .............................................................................12, 13, 14
Article IV, § 22 of the Texas Constitution ...............................................21
Tex. Civ. Prac. & Rem. Code § 41.003(a)(1-3).......................................12
Tex. Civ. Prac. & Rem. Code § 134.003(a) .............................................13
Tex. Civ. Prac. & Rem. Code § 134.005 .............................................12, 13
Tex. Civ. Prac. & Rem. Code § 134.005(a) .........................................12, 13
Tex. Code Crim. Proc. Art. 42.20 .............................................................2
Tex. Gov't Code § 311.034 .......................................................................20
Tex. Gov't Code § 497.096 .........................................................................2
Tex. Gov't Code § 402.021 .......................................................................21
Texas Penal Code § 39.04.........................................................................13
Texas Penal Code § 31.03.....................................................................7, 13

*Rules*

Texas Rule of Appellate Procedure 9.4(i)(2)(B) .....................................23
Texas Rule of Appellate Procedure 9.4(i)(3) ..........................................23
Texas Rule of Appellate Procedure 9.5 ...................................................24

## STATEMENT REGARDING ORAL ARGUMENT

This case requires little more than a straightforward reading of Appellant's own petition and the district court's decision to be decided. Appellant does not advance any cogent legal argument that cannot be overcome through proper application of foundational principles of law. Therefore, oral argument will not materially assist the Court's deliberations.

## ISSUES PRESENTED

1.  Can Appellant assert different claims to cure a jurisdictional defect in his complaint?

2.  If a plaintiff cannot cure a jurisdictional defect in his complaint, is dismissal with prejudice proper?

3.  Does the Office of the Attorney General have authority to defend Appellee in this matter?

## STATEMENT OF FACTS

Factually this case is simple. Appellant James Brickley is an inmate in custody under the Texas Department of Criminal Justice ("TDCJ") at the Alfred D. Hughes ("Hughes") Unit. CR at 12. Appellee Nicholas Walton is a TDCJ correctional officer at the Hughes Unit. *Id*. On June 14, 2023, Appellant alleges that Walton led a team of correctional officers in a "shake down team" to conduct a "bi-annual shake down for the G-pod in 7 building where [appellant] was housed." C.R. at 6-8. Appellant contends that when he returned to his cell after this shake down was completed, he found that his legal materials were missing. *Id*. Appellant further alleges that Walton said he would provide a list of correctional officers who conducted the shake down to him, but Walton never did so. *Id*.

Appellant filed a petition with the 440th District Court in Coryell County alleging that Walton had committed theft under § 31.03 of the Texas Penal Code and violated his civil rights under § 39.04 of the same. C.Supp.R. at 12. Appellee filed a Plea to the Jurisdiction on April 29, 2025. The district court dismissed Appellant's petition with prejudice for lack of jurisdiction. *Id*. at 13; C.R. at 120. The district court also held that

Appellant was not entitled to amend his pleading. *Id.* This appeal followed.

## SUMMARY OF THE ARGUMENT

The Texas Penal Code does not create private causes of action. *Joyner v. DeFriend*, 255 S.W.3d 281, 283 (Tex. App. 2008) (citing *Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex. 1998)). As such, Texas civil district courts do not have jurisdiction over claims pursuant to the Texas Penal Code. *Id.* Here, Appellant brings two claims under the Texas Penal Code. Because the Texas Penal Code does not provide Appellant with private causes of action, this court lacks subject-matter jurisdiction over his claims.

Additionally, Appellant should not be given leave to amend because there are no additional facts which he could allege to cure this jurisdictional defect, and he cannot change his claims in order to create jurisdiction. *See Sai Monahans Brother Hosp., LLC v. Monahans Econ. Dev. Corp.*, 657 S.W.3d 438, 450 (Tex. App.—El Paso 2022, no pet.) ("[A] plaintiff has no right to amend its petition to cure a jurisdictional defect by 'changing the claims [he is] bringing,' and instead only has a right to amend its petition by adding jurisdictional facts to support a previously pled claim for relief." (quoting *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016))). If a plaintiff cannot cure the jurisdictional

defect in his petition, then the proper remedy is dismissal with prejudice. *Harris Cnty. v. Deary*, 695 S.W.3d 566, 573 (Tex. App.—Houston [1st Dist.] 2024, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004)).

Further, the Appellee is entitled to sovereign immunity even under Appellant's alternative claims, and as such the Appellant cannot show that jurisdiction is properly before the court. Finally, Appellant's claim that the Attorney General cannot defend the Appellee because the Attorney General lacks authority to do so is baseless and meritless and should be discarded.

## STANDARD OF REVIEW

Texas' Courts of Appeal review a trial court's order granting or denying a plea to the jurisdiction *de novo. Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010).

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Subject-matter jurisdiction is "never presumed and cannot be waived." *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). In ruling on a plea to the jurisdiction, the court begins its analysis by reviewing the live pleadings. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). A plea to the jurisdiction "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights I.S.D. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018).

It is the plaintiff's burden to demonstrate the court's subject-matter jurisdiction. *Joyner v. DeFriend*, 255 S.W.3d at 282 (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d at 446). The court will construe the pleadings liberally in favor of the plaintiff and look to his intent and the facts he pleads that demonstrate that the trial court has jurisdiction.

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d at 226 (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d at 446). "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff[] an opportunity to amend." *Miranda*, 133 S.W.3d at 227 (citing *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002)).

<u>ARGUMENTS & AUTHORITIES</u>

**I. Appellant explicitly asserts in his complaint that his claim arises under the Texas Penal Code, not any other statute.**

Appellant argues that his original claims raised in his petition arose under the Texas Theft Liability Act ("TTLA") for the alleged theft of his legal mail and 42 U.S.C. § 1983 for alleged violations of his civil rights. As evidence of this, Appellant points to his citations to Texas Civil Practice & Remedies Code ("TCPRC") § 134.005 (authorizing damages for theft under the TTLA) and TCPRC § 41.003 (authorizing exemplary damages with proof by clear and convincing evidence of malice, fraud, or gross negligence). TEX. CIV. PRAC. & REM. CODE § 134.005(a); TEX. CIV. PRAC. & REM. CODE § 41.003(a)(1-3). While Appellant cites to these statutes, they do not form the basis of the claims that he brings against Appellee.

Appellant states directly under his first count that "The following provisions hold Defendant liable *under Texas Penal Code §31.03.*" C.R. at 8 (emphasis added). Likewise, Appellant states under his second count that "In the alternative, [Appellant] sues [Appellee] for violation of his civil rights *pursuant to Texas Penal Code §39.04.*" *Id.* at 9 (emphasis added). The district court rightly believed that Appellant brought his claims under the Texas Penal Code because that is exactly what Appellant told the district court in his petition. Although Appellant does claim that his damages are authorized under the above TCPRC statutes, he directly and explicitly states that the statutes his claims arise under are in the Texas Penal Code, and not in the TCPRC.

Even if this Court were to find that Appellant's claims might plausibly suggest that he may have attempted to allege a claim under the TTLA or 42 U.S.C. § 1983, as Appellant asserts he did, the statute's text foils this attempt. In order to pursue damages under TCPRC § 134.005, a person must bring "a suit under this chapter." TEX. CIV. PRAC. & REM. CODE § 134.005(a). This means that Appellant must have asserted a claim under TCPRC § 134.003(a), not the Texas Penal Code. TEX. CIV. PRAC. & REM. CODE § 134.003(a). Likewise, in order to assert a claim

under 42 U.S.C. § 1983, Appellant would have had to specifically allege that his civil rights claim arose under that statute, not the Texas Penal Code.

Thus, the district court correctly concluded that Appellant's claims arose under the Texas Penal Code, exactly as Appellant claimed in his petition.

## II. The Texas Penal Code does not create private causes of action.

Central to the district court's findings of facts and conclusions of law was that Appellant fails to state a cause of action because the Texas Penal Code does not create a private cause of action. In support of this proposition, the district court cites to *Joyner v. DeFriend*, 255 S.W.3d at 283. C.Supp.R. at 12-13. The 10th Court of Appeals in *Joyner* cite to numerous cases in support of the same from other courts of appeal and the Supreme Court of Texas. *See Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex. 1998) (refusing to recognize criminal evidence spoliation as an independent civil cause of action, as with perjury and embracery); *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) ("the Texas Penal Code does not create private causes of action; therefore these allegations fail to state a viable claim for relief."); *Long v.*

*Tanner*, 170 S.W.3d 752, 755 (Tex. App.—Waco 2005, pet. denied) (Texas does not recognize a civil cause of action for perjury or aggravated perjury, both of which are crimes under the Texas Penal Code).

Appellant recognizes that the district court correctly held, in accordance with precedent from appellate courts, that the Texas Penal Code does not create a private cause of action. Appellant's Brief at 3. Bizarrely, Appellant attempts to argue that the Texas Penal Code simultaneously does not preclude a private cause of action – apparently because other statutes may give rise to subject matter jurisdiction. This assertion is unsupported by any Texas law and by common sense. If a private cause of action is not created by a statutory scheme, then a court does not magically receive subject matter jurisdiction over a non-claim because a different statutory scheme might give rise to a claim. To hold otherwise would be farcical and would destroy any meaning behind the requirements of subject matter jurisdiction.

Thus, the District Court did not err in finding that Appellant did not state a valid claim because the Texas Penal Code does not create a private cause of action for Appellant to recover under.

## III. Appellant cannot cure a jurisdictional defect by pleading new or different additional claims.

Appellant claims that the district court erred by not allowing him to amend his petition to cure the jurisdictional defect that led to his petition being dismissed. Appellant argues when a court dismisses a plaintiff's petition for lack of jurisdiction the plaintiff will be allowed to amend the petition to properly assert the court's jurisdiction. Appellant is half-correct: "a plaintiff has a right to amend her pleadings to attempt to cure pleading defects if she has not alleged enough jurisdictional facts." *Tex. DOT v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). The latter clause of this sentence is important: if she has not alleged enough jurisdictional facts. A plaintiff does not have the right to amend if he cannot allege additional facts that would give the court jurisdiction. The Eighth Court of Appeals affirmed this:

> A plaintiff's general right to amend its pleadings to allege additional facts to cure a jurisdictional defect is not a mechanism for parties, over whose claims the trial court does not have jurisdiction, to plead new claims over which the trial court does have jurisdiction. In other words, a plaintiff has no right to amend its petition to cure a jurisdictional defect by 'changing the claims they are bringing,' and instead only has a right to amend its petition by adding jurisdictional facts to support a previously pled claim for relief.

*Sai Monahans Brother Hosp., LLC v. Monahans Econ. Dev. Corp.*, 657 S.W.3d at 450 (citing *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d at 559) (internal citations omitted).

Here, Appellant asserts his claims under the Texas Penal Code, which as discussed above does not create a private cause of action. Since appellant does not assert a viable cause of action, no amount of factual development will cure this jurisdictional defect. Even if Appellant could assert a perfect factual recounting of that day in exacting detail, the fact that he brought his claims under the Texas Penal Code prevents him from amending his pleading because he cannot cure this jurisdictional defect by citing additional facts to a non-existent cause of action.

Additionally, Appellant cannot cure jurisdictional defects by attempting to argue that his claims actually are different than what he pled in his petition. The right to amend for jurisdictional facts does not extend to new or different claims. *See Sai Monahans Brother Hosp., LLC v. Monahans Econ. Dev. Corp.*, 657 S.W.3d at 450. Even if the Court were to find that Appellant's assertion that he is not alleging new claims because he cited to the damages provisions under the TTLA, Appellant would still be attempting to amend to include *different* claims, not

jurisdictional facts for his claims under the Texas Penal Code. Accordingly, Appellant does not have the right to amend his pleadings to properly assert the court's jurisdiction. Thus, the district court did not err in not allowing Appellant to amend his pleadings.

## IV. If a jurisdictional defect cannot be cured through amendment, the proper remedy is dismissal with prejudice.

When pleadings cannot cure a jurisdictional defect by amending to add additional jurisdictional facts, allowing for a remedy of dismissal without prejudice would serve no legitimate purpose. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Simply put, if a plaintiff cannot allege facts that would overcome a court's lack of subject matter jurisdiction, then allowing him to refile the same claims — even with the new jurisdictional facts — would be a moot point because the claims would be dismissed again for lack of subject matter jurisdiction. "When, as here, no amendment can cure the jurisdictional defect, a plaintiff is not entitled to amend her pleadings, and we must dismiss the defective claims with prejudice." *Harris Cnty. v. Deary*, 695 S.W.3d at 573 (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d at 227); *see also Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d at 837, 846 (holding plaintiff was not entitled to amend pleading that could not be cured of its

jurisdictional defect and dismissing plaintiff's claims with prejudice); *Harris County v. Sykes*, 136 S.W.3d 635, 637 (Tex. 2004) (holding that order granting plea to jurisdiction based on immunity is dismissal with prejudice). "Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined." *Harris County. v. Sykes*, 136 S.W.3d at 639. Thus, the district court did not err in dismissing Appellant's claims with prejudice.

## V. Even if Appellant is allowed to amend his pleadings to assert facts under the TTLA, the state has not waived sovereign immunity for TTLA claims.

The State of Texas and its agencies are entitled to sovereign immunity, which immunizes the State and its agencies both from suit and from liability. *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d at 843–44; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d at 224. A plaintiff, therefore, cannot maintain a suit against a state agency unless the State has expressly waived sovereign immunity through a legislative act. *Harris Cnty. v. Dillard*, 833 S.W.2d 166, 168 (Tex. 1994). Texas courts interpret waivers of sovereign immunity narrowly, and the intent of the legislature to waive immunity must be clear and unambiguous. *See* TEX. GOV'T CODE § 311.034; *see also Hosner v. DeYoung*, 1 Tex. 764, 769

(1847) ("[N]o state can be sued in her own courts without her consent, and then only in the manner indicated by that consent."); *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 513 (Tex. 2012) ("We have repeatedly affirmed that any purported waiver of sovereign immunity should be strictly construed in favor of retention of immunity.").

Critically, the TTLA does not contain a waiver of sovereign immunity like the Texas Tort Claims Act ("TTCA") does. As such, even if Appellant was allowed to replead his claims under the TTLA, his claims would be dismissed as lacking any basis in law under Chapter 14 of the Texas Civil Practice and Remedies Code because the state's sovereign immunity would deprive any court of subject matter jurisdiction. Because Appellant's claims would be dismissed for lack of subject matter jurisdiction even if he replead his claims under the TTLA, allowing Appellant to amend would still not provide him with a cognizable remedy. As such, the district court did not err in not allowing him to amend his pleadings to include claims under the TTLA.

**VI.** **Appellee's attorney, through his employment with the Texas Office of Attorney General, had authority to defend Appellee.**

Under Article IV, § 22 of the Texas Constitution, the Attorney General "shall represent the State in all suits and pleas in the Supreme court of the State in which the State may be a party… and perform such other duties as may be required by law." This constitutional power is extended by Texas Government Code § 402.021: "The attorney general shall prosecute and defend all actions in which the state is interested before the supreme court and courts of appeals." Here, the state is clearly interested in defending one of its employees from suit and ensuring that the state's sovereign immunity is not infringed upon. Thus, the Attorney General's Office is acting pursuant to its constitutional and statutory authority by defending Appellee in this matter.

As for Appellant's claims that Appellee is not entitled to qualified immunity, that Appellee never claimed qualified immunity as a defense, and that Appellant's Fourteenth Amendment equal protection rights are being violated, Appellant never addressed these arguments to a trial court. As this court is not a court of first view but a court of review, these arguments should not be addressed.

## CONCLUSION

Therefore, for all the reasons stated above, this Court should find that the district court did not err in granting Appellee's plea to the jurisdiction and dismissing the Appellant's petition with prejudice and affirm.

Respectfully Submitted,

*/s/Abigail K. Carter*
**ABIGAIL K. CARTER**
Assistant Attorney General
Texas State Bar No. 24126376

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
abigail.carter@oag.texas.gov
(512) 463-2080 (Phone No.)
(512) 370-9814 (Fax No.)

**COUNSEL FOR APPELLEE**

## CERTIFICATE OF COMPLIANCE

I, **ABIGAIL K. CARTER**, Assistant Attorney General of Texas, do hereby certify pursuant to Texas Rule of Appellate Procedure 9.4(i)(3) that this brief complies with Texas Rule of Appellate Procedure 9.4(i)(2)(B) because it contains 2,913 words, inclusive of all portions of this brief.

*/s/Abigail K. Carter*
**ABIGAIL K. CARTER**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **ABIGAIL K. CARTER**, Assistant Attorney General of Texas, do hereby certify that pursuant to Texas Rule of Appellate Procedure 9.5 and the Court's Local Rules a true and correct copy of the foregoing was served on October 8, 2025, via U.S. certified mail, return receipt requested, as follows:

James Brickley, TDCJ No. 02289486   *CMRRR 7009 2250 0003 9939 8488*
TDCJ – Hughes Unit
3201 FM 929
Gatesville, TX 76597

>                            */s/Abigail K. Carter*
>                            **ABIGAIL K. CARTER**
>                            Assistant Attorney General

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gloriana Ojeda on behalf of Abigail Carter
Bar No. 24126376
gloriana.ojeda@oag.texas.gov
Envelope ID: 106593607
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Appellee Brief FINAL
Status as of 10/8/2025 11:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Abigail Carter | 24126376 | abigail.carter@oag.texas.gov | 10/8/2025 11:44:52 AM | SENT |
| Nicholas Larkin | | nicholas.larkin@oag.texas.gov | 10/8/2025 11:44:52 AM | SENT |
| Carson Young | | Carson.Young@oag.texas.gov | 10/8/2025 11:44:52 AM | SENT |