Paul and Sandy **JOYNER**, Individually, and on the Behalf of the Estate of Brandon Joyner, Deceased, Appellants,

v.

Roy DeFRIEND, Appellee.

No. 10–07–00079–CV.

Court of Appeals of Texas, Waco.

April 2, 2008.

Bill W. Johnston, Waco, for appellants.

C. Alfred MacKenzie, Haley & Olson PC, Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Paul and Sandy Joyner, individually and on behalf of the estate of Brandon Joyner, appeal from an order granting Appellee Roy DeFriend's plea to the jurisdiction. In one issue, the Joyners complain that the trial court erred in dismissing their suit because the pleading set forth a cause of action over which the trial court had jurisdiction. We will affirm.

## Background

Paul and Sandy Joyner filed a lawsuit against Mack and Diana Jones and Roy DeFriend. The lawsuit alleged that the Joyners' son Brandon was killed during a "pasture party" held on land belonging to DeFriend's relatives. The petition alleges that the Joneses and DeFriend, the Limestone County Attorney, acted together to conceal evidence following the death. De-Friend filed a plea to jurisdiction on the grounds that (1) the Joyners failed to assert a justiciable controversy against him; (2) the Joyners lacked standing, and (3) he was entitled to prosecutorial immunity. The trial court granted the plea to the jurisdiction and dismissed the lawsuit for lack of subject matter jurisdiction. The Joyners filed an appeal that we dismissed for want of jurisdiction because it was interlocutory. The Joyners then filed a motion to sever the claims against De-Friend, and because of the severance, the order granting the plea to the jurisdiction is final.

## Standard of Review

In their sole issue, the Joyners claim that the trial court erred when it granted DeFriend's plea to the jurisdiction. They say the pleading set forth a cause of action over which the trial court had jurisdiction. DeFriend argues that the trial court does not have jurisdiction over this claim because the Joyners have failed to assert a justiciable issue against him that the trial court can resolve. Specifically, DeFriend argues that the Joyners have no cognizable right of action under Texas law based on alleged interference with a criminal investigation or prosecution because there is no cause of action for failure to prosecute.

A plea to the jurisdiction is a dilatory plea by which a party contests the trial court's authority to determine the subject matter of the cause of action. *State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1989, writ denied). The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

We review a ruling on a plea to the jurisdiction de novo. *Mayhew v. Town*

*of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998). If the pleadings alone are determinative of the issue, then in our review we rely on them alone, construing them in the plaintiff's favor. *Tex. Ass'n of Business,* 852 S.W.2d at 446; *Jansen v. Fitzpatrick,* 14 S.W.3d 426, 431 (Tex.App.-Houston [14th Dist.] 2000, no pet.). However, the trial court may hear evidence if necessary to determine the jurisdictional facts; in that event, we also review the evidence. *Bland Indep. School Dist. v. Blue,* 34 S.W.3d 547, 554–56 (Tex.2000); *Jansen,* 14 S.W.3d at 431.

### Analysis

 The Joyners alleged in their pleadings that DeFriend committed civil conspiracy and fraud. The Joyners base these claims on a violation of Rule 4.01 of the Texas Disciplinary Rules of Professional Conduct. For the reasons stated below, we conclude that the Joyners cannot assert a violation of Rule 4.01 as a basis for liability of their fraud and civil conspiracy claims. The Texas Disciplinary Rules expressly state that a violation of the Code of Professional Responsibility does not give rise to a private cause of action. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.05 preamble ¶ 15; *Judwin Properties, Inc. v. Griggs & Harrison, P.C.,* 981 S.W.2d 868, 869–70 (Tex.App.-Houston [1st Dist.] 1998), *pet. denied,* 11 S.W.3d 188, 43 Tex. Sup.Ct. J. 289 (Tex. 2000). Thus, the State Bar Rules are not enforceable through the Joyners' fraud and civil conspiracy claims. *See Judwin,* 981 S.W.2d at 870.

The Joyners also assert that several penal code criminal charges should have been brought against DeFriend, including tampering with physical evidence and tampering with a witness. However, Texas does not recognize private causes of action for penal code violations. *See Trevino v. Ortega,* 969 S.W.2d 950, 953 (Tex.1998); *see also Spurlock v. Johnson,* 94 S.W.3d 655, 658 (Tex.App.-San Antonio 2002, no pet.) ("the Texas Penal Code does not create private causes of action"); *Long v. Tanner,* 170 S.W.3d 752, 755 (Tex.App.-Waco 2005, pet. denied) (same).

Because the Joyners cannot recover for violations of the penal code and the State Bar disciplinary rules, we hold as a matter of law that the Joyners have not alleged arguable claims over which the trial court had jurisdiction. Therefore, dismissal was proper. *See Burke Ctr. for MHMR v. Carr,* No. 09–04–00138–CV, 2004 WL 2955225 at *4, 2004 Tex.App. LEXIS 11499 at *11 (Tex.App.-Beaumont Dec. 22, 2004, pet. denied) (mem. op.) (per curiam). We overrule the Joyner's sole issue and affirm the judgment of the trial court.

Chief Justice GRAY dissents. A separate opinion will not issue but he provides the following note.*

---

* "We know that DeFriend, regardless of the capacity in which he was sued, cannot be liable for a civil conspiracy to commit negligence. *Tri v. J.T.T.,* 162 S.W.3d 552, 557 (Tex.2005). But before I would hold that the Joyners are unable to establish *jurisdiction* over DeFriend in a suit clearly brought against him in his individual capacity rather than as a representative of the State or County, I believe that at the very least, the Joyners have the right to file an amended pleading in an effort to amend their petition to clarify the nature of the claim against DeFriend and the facts upon which it is based. *Texas A & M University System v. Koseoglu,* 233 S.W.3d 835, 840(Tex.2007) ("As is the case with spe-

cial exceptions, a pleader must be given an opportunity to amend in response to a plea to the jurisdiction only if it is possible to cure the pleading defect. [Citing *Baylor Univ. v. Sonnichsen,* 221 S.W.3d 632, 635 (Tex.2007) ("Generally, when the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading, unless the pleading defect is of a type that amendment cannot cure.")"].

The majority's error is, I believe, that they construe the petition as alleging a claim against DeFriend for his failure to prosecute various alleged criminal actions and for alleged violations of various ethical obligations. This construction of the petition is unduly narrow. Based on the structure of the petition as well as the nature of the general allegations regarding DeFriend's alleged participation in the civil conspiracy to commit fraud, I read these allegations, as well as the allegations regarding alleged actions to assist the Jones in the defense of the claims being made against them, as background information in the nature of allegations of facts—notice pleadings—in support of the claim that is alleged, conspiracy to commit fraud. I do not believe that a fair reading of the pleadings is that the Joyners are making a claim that they are entitled to a recovery solely because DeFriend allegedly failed to prosecute various crimes or allegedly violated his ethical obligations. This is not a no-evidence motion for summary judgment. While a claim of conspiracy to commit fraud may be difficult to prove, it is certainly a claim that is alleged and over which the trial court has jurisdiction."