NO. 15-25-00063-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

JUN 1 0 2025

CHRISTOPHER A. PRINE
CLERK

IN THE

FIFTEENTH COURT OF APPEALS

at Austin

---

JAMES BRICKLEY,
Appellant,

v.

CODI MITCHELL,
Appellee.

---

Appealed from the 440th Court of
Coryell County, Texas

---

APPELLANT'S BRIEF

---

JAMES BRICKLEY
Appellant pro se
3201 FM 929
Gatesville, Texas 76597

JAMES BRICKLEY
PRO SE

APPELLANT REQUESTS ORAL ARGUMENT

No. 15-25-00063-CV

JAMES BRICKLEY,
Appellant,

v.

CODI MITCHELL,
Appellee.

---

IDENTITY OF PARTIES & COUNSEL

---

Appellant, James Brickley, pro se, 3201 FM 929, Gatesville,
Texas 76597.

Appellee, Codi Mitchell, represented by Jacobi I. Pons, Asst.
Attorney General, Texas State Bar No. 24139435,
Office of the Attorney General, P.O. Box 12548,
Capitol Station, Austin, Texas 78711. Phone (512)-
463-2080, Fax (512)-370-9814, e-mail Jacobi.pons@oag.
Texas.gov.

## TABLE OF CONTENTS

Page

IDENTITY OF PARTIES & COUNSEL ................................ i

INDEX OF AUTHORITIES........................................ iii

STATEMENT OF THE CASE....................................... v

STATEMENT ON ORAL ARGUMENT................................. vi

ISSUES PRESENTED FOR REVIEW................................ vii

STATEMENT OF FACTS......................................... 1

SUMMARY OF THE ARGUMENT.................................... 2

ARGUMENT.................................................. 4

Issue 1: The trial court erred in dismissing the case
         with prejudice.................................... 5

Issue 2: The trial court erred in dismissing the case
         for jurisdiction................................. 7

Issue 3: The trial court erred by not providing petitioner an
         opportunity to amend his petition................. 8

Issue 4: The trial court erred by not allowing plaintiff an
         opportunity to request attorney, Jacobi I. Pons,
         to show authority to act once his representation
         was made known................................... 10

Issue 5: The trial court abused discretion by not ordering
         appointment of counsel........................... 11

CONCLUSION................................................ 12

PRAYER................................................... 13

CERTIFICATE OF SERVICE.................................... 13

APPELLANT'S APPENDIX...................................... 15

ii

# INDEX OF AUTHORITIES

CASES                                                           Page

Axtell v. University of Tex[ii],69 S.W.3d 261,264(Tex.App.-
    Austin 2002, no pet.)................................. 7

Black v. Jackson,82 S.W.3d 44,56(Tex.App.-Tyler 2002, no
    pet.)................................................. 6

Brickley v. Wagner,2025 Tex.App LEXIS 695,2025 WL 409084
    (Tex.App. Austin February 6,2025)...................... 1

City of Wataunga v. Gordon,434 S.W.3d 586 (Tex.2015).......... 7

Clint ISD v. Marquez,487 S.W.3d 538,558-59(Tex.2016)........... 9

Dunsmore v. Hanley,No. 14-15-00321-CV, 2016 Tex.App. LEXIS
    9322 (Tex.App.-Houston [14th Dist.] August 25,2016
    pet. denied).........................................11

Harris Cty v. Annab,547 S.W.3d 609,612(Tex.2008).............. 7

Harris Cty. v. Sykes,136 S.W.3d 635,639(Tex.2004)............. 7

Houston Belt & Terminal Ry. v. City of Houston,487 S.W.3d
    154,160(Tex.2016).................................... 8

In re Users Sys. Servs.,22 S.W.3d 331,335 (Tex.1999)..........10

Joyner v. DeFriend,225 S.W.3d 281(Tex.App.-Waco, no pet.)...... 5

Meyers v. JDC/Firethrone, Ltd.,548 S.W.3d 477,486(Tex.
    2018)................................................ 9

San Miguel v. Searcy,2025 Tex.App.,Tex.App. LEXIS 480
    (Tex.App.-Austin January 30,2025)..................... 5

Tex. Dep't of Parks & Wildlife v. Miranda,133 S.W.3d
    217,226-27(Tex.2004)................................ 6

Texas A&M Univ. Sys. v. Koseoglu,233 S.W.3d 835,839-40
    (Tex.2007).......................................... 7

Thomas v. Long,207 S.W.3d 334,338-39(Tex.2006)............... 9

Westbrook v. Penly,231 S.W.3d 389,395(Tex.2007).............. 9

STATUTES

Tex.Civ.Prac. & Rem.Code § 134.001........................... 8

Tex.Civ.Prac. & RemCode § 134.002........................... 7

Tex.Gov't Code § 24.016...........................................11

Tex.Gov't Code § 402.021..........................................10

Tex.R.Civ.Proc. 12................................................10

## STATEMENT OF THE CASE

Nature of the case. Appellant sued appellee for theft; denial of access to the courts; violation of his inmate civil rights; and preventing execution of a civil process in her individual capacity.(C.R. at 5-46)

Course of proceedings. Asst. Attorney General, Jacobi I. Pons, filed a plea to jurisdiction on behalf of Codi Mitchell on March 25,2025, shortly after she was served with the citation by the court. (C.R. pp. 92-98 & 88-89). Prior to recieving the notice of the motion or attempt to represent the appellee, the trial court had already ruled upon the plea to jurisdiction, unbeknown to appellant who had immediately filed a motion requestin Mr. Pons to show authority to act as attorney(C.R. at 99-105) and an answer to defendant's plea to jurisdiction(C.R. at 106-10), which went unheard by the trial court.

Trial court disposition. The trial court rendered judgment on the plea to jurisdiction on March 27,2025.(C.R. at 97).

## STATEMENT ON ORAL ARGUMENT

The Court should grant oral argument for the following reasons:

Oral argument would give the Court a more complete understanding of the facts presented in this appeal. See Tex. R. App. P. 39.1(c). Throughout the course of the legal proceeding, appellant has complained that his legal correspondences were being withheld by appellee (R.R. at        ) and it has been apparent that appellee has had assistance from her connections with TDCJ and the local Sheriff's Department to prevent the case from entering the courts where the local Sheriff's Department refused to serve the citation on TDCJ property(C.R. at 56 ); and the local court clerk required an extra service fee to have the citation served by certified mail(C.R. at 86 ), which appellant never recieved a return of the service.(C.R. at 90 ). Here oral argument would allow the Court to bypass any similar inconsistencies with proceedure or unsupported allegations from either party, as well as allow appellant to timely answer any answers or motions from the appellee without being unduly delayed by the appellee, who is a mail room supervisor in control of appellant's mail at TDCJ.

vi

# ISSUES PRESENTED FOR REVIEW

Issue 1: The trial court erred in dismissing the case with prejudice.

Issue2: The trial court erred in dismissing the case for jurisdiction.

Issue 3: The trial court erred by not providing plaintiff an opportunity to amend the petition.

Issue 4: The trial court erred by not allowing plaintiff an opportunity to request authority of Jacobi I. Pons to show authority to act once his representation was made known.

Issue 5: The trial court abused discretion by not ordering appointment of counsel.

## STATEMENT OF FACTS

Appellant, James Brickley, filed a seperate and unrelated suit against TDCJ staff members for assault and retaliation for using the inmate grievance system. During that time, the trial court pointed out that Brickley's legal mail was late or not recieved at all. See Brickley v. Wagner, 2025 Tex. App LEXIS 695, 2025 WL 409084 (Tex. App. Austin February 6,2025). On multiple occasions, appellee would call Brickley to the mail room to deny his legal mail.(C.R. at 16 & 24). Brickley properly grieved and exhausted the TDCJ remedy process and was denied relief.(C.R. pp. 15-45). As a result of appellee's actions, Brickley lost his case for assault and retaliation and was further denied relief by this Court for failure to present documents.

Brickley then filed suit against Ms. Codi Mitchell in her individual capacity for theft; violations of his inmate civil rights; preventing execution of a civil process; and abuseof official capacity.(C.R. pp. 5-46). However, Brickley was presented with great difficulty in performing the simple tasks such as serving citation on the defendant by way of normal procedures where the trial court refused to compel the Sheriff's Department to serve defendant at her place of business.(C.R. pp. 56-59, 61-73, & 76). Despite Brickley's struggle the trial courtrefused to appoint him counsel multiple times.(C.R. pp. 74-75) &'(RR. at 6-7). Eventually Brickley was able to have the court serve defendant by certified mail from the clerk.(C.R. at 86).

Sometime after service, a plea to jurisdiction was filed by Asst. Attorney General Jacobi I. Pons, on behalf of appellee, on March 25,2025.(C.R. pp. 92-96). Which was ruled on and filed well before

1

Brickley had a chance to respond to the plea, or had notice of the same.to request Mr. Pons to show authority to act. (C.R. pp. 99-110 ). The dismissal took place on March 27,2025.(C.R. pp.97-98), where Brickley recieved the plea on April 1,2025.(See Tab4- Statement from TDCJ mailroom admitting time of service of plea on Brickley). Brickley then responded by submitting the motion requesting the authority for Pons to act and answer to his plea to jurisdiction. On April 8,2025, Brickley recieved the trial court's order to dismiss.(Tab 5- Summons to the TDCJ mailroom to recieve legal mail).

Brickley then filed a request for findings of fact and conclusions of law as well as other motions, which was withheld for lack of postage despite the excess of stamps used.(Tab 6-Copy of the return of legal mail provided by TDCJ mailroom). On April 18, Brickley was allowed the opportunity to add postage to the envelope. This case is now before this Court on appellant's motion to appeal.

## SUMMARY OF THE ARGUMENT

Brickley's first argument challenges the trial court's dismissal of the case with prejudice, where the court did not consider argument of why the case should be dismissed for jurisdiction, or give Brickley the opportunity to amend any defects from his petition; nor did the trial court hold a hearing to determine facts, or construe his pleadings liberally when determining his pleadings dependance on the Texas Penal Code. Where contrary to the trial court's ruling, the Texas Civil practice and Remedies Code has been known to use the Texas Penal Code as guidelines when trying private cases. Therefore, the trial court had maintained subject-matter-jurisdiction; and dismissal with prejudice was made in error.

2

In his second argument, Brickley reenforces his challenge to the dismissal of his suit. Not only did the trial court err in dismissal with prejudice, butin dismissal of the case period. The court should have given Brickley's petition deference when considering dismissal, and had there been any doubt on Brickley's pro se intent, a hearing should have been held, or in the very least Brickley should have been afforded an opportunity to amend his pleadings to conform to the standards utilized in the TCPRC, which again, utilizes the Texas Penal Code in civil prosecutions for theft; assault; battery; etc.. Hence dismissal of the suit with or without prejudice was made in error.

Brickley's third argument contends that the trial court erred by not providing Brickley anopprotunity to amend the petition before dismissal. In the trial court's conlusions of law, it rules, "Brickley was not entitled to an opprotunity to amend his Original Petition because the jurisdiction defects in the Texas Penal Code claims could not be cured through amendment."(C.R. at 127). A conclusion of law which this Court must consider de novo. As stated above, in civil cases, reliance upon the Texas Penal Code to support his claims were not solely claims for criminal prosecution, but rather only reliance upon the penal code as the courts have done for years.

In Brickley's fourth argument, Brickley claims the trial court erred by not allowing him the opprotunity to challenge Jacobi I. Pons authority to act as counsel. The Texas Government Code §402. 021 dictates the Attorney General has the authority to represent theestate. Here. Brickley sued Ms. Codi Mitchell in her individual capacity for actions against him, volative of the policies of TDCJ

3

and the Texas Penal Code, which he has relied on in his civil action against her. She has made no claim of immunity, nor would she be entitled to such luxury due to the nature of her actions. Had the Texas Attorney General's agent, jacobi Pons, been challenged, his motions could not have been considered; therefore the judgement was made void of authority and the case should have never been dismissed.

In Brickley's fifth and final argument, the trial court abused it's discretion by not ordering appointment of counsel. here, even the simplest of tasks, such as securing service of citation had appeared to be a hurclean task on Brickley. Paired with complaints that the person Brickley is sueing for withholding his legal mail and preventing process of a legal action, has total control of his mail and is still being complained of holding his mail as stated in the trial court's findings of fact and conclusions of law(C.R. at 127), the trial court should have appointed counsel to avoid signs of impropriety. Especially after considering comment by the court that, if the mailroom was withholding Brickley's legal mail, then the proper authorities need be contacted.(R.R. at 7-8). A complaint that Brickley is unable to make due to his status as an inmate. On the other hand, a complaint that the Court can make and must if provided with the information of the violation. Where appointment of counsel could have alieviated these assumptions of impropriety and undue burden on the petitioner, and proven to expedite the process as well as create a better understanding of the case.

## ARGUMENT

Issue 1: The trial court erred in dismissing the case with prejudice.

Standard of Review: "A plea to jurisdiction challenges the existence of subject-matter-jurisdiction, which is the cout's power to adjudicate the case. Whether the trial court has subject-matter-jurisdiction is a given question of law reviewed de novo. The plaintiff bears the burden of affirmatively demonstrating the trial court's jurisdiction. When the jurisdictional challenge rests solely on the sufficiency of the pleadings, the appellate court must determine whether the plaintiff's pleadings, construed in favor of the plaintiff, allege sufficient facts affirmatively demonstarating the court's jurisdiction to hear the case. If the pleadings affirmatively negate the existence of jurisdiction, the a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend". San Miguel v. Searcy, 2025 Tex.App. LEXIS 480 (Tex.App-Austin January 30,2025).

Here, the trial court erred by accepting the argument of Mr. Pons without affording Mr. Brickley the deference when construing his petition. Rather than stating how the petition affirmatively negates the court's jurisdiction, it merely quoted the Plea submitted by Pons, which relied upon a case distinguished from this one, where the court dismissed the case because there was another remedy available to the petitioner for spoilation of evidence, rather than bringing criminal charges against the defendant. See Joyner v. DeFriend, 255 S.W.3d 281(Tex.App.-Waco, no pet.).(C.R. 92-96 & 127). Furthermore, the trial court states, "Brickley was not entitled to an opportunity to amend his Original Petition because the jurisdiction defects in his Texas Penal Code claims

5

could not be cured through amendment."(C.R. at 127). However, the citation refered to by the court denies a petitioner to amend his pleadings to allege new facts which would grant the court jurisdiction over the case, but the trial court's determination of dismissal has nothing to do with the facts presented. Instead the pleadings were dismissed based on the court's interpretation of which law Brickley relied upon to bring the suit, which is not the duty of the petitioner to tell the court which law to apply in determining the facts of the case. However, the court must liberally construe the pleadings and afford plaintiff leave to amend his petition unless it contains incurable defects. Tex.Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217,226-27(Tex.2004). Here, the facts of the case would warrant Brickley relief as requested in his petition pursuant to the Texas Civil Practice and Remedies Code, where Brickley sues Mitchell for theft; denial of access to the courts; violations to his inmate civil rights; and prevention of civil process.(C.R. pp. 5-46).

Seeing that Brickley was never informed of the plea to jurisdiction, nor the trial court's dismissal of the suit until well after the decision, he could not have been afforded opportunity to amend his pleadings as concluded by the trial court.(C.R. at 127). Nor did the court have any intent to allow him to do so, and no judgment was made on the merits. "Generally, if the court does not have jurisdiction over the subject matter of the suit, it must dismiss forlack of jurisdiction without rendering judgment on the merits." Black v. Jackson, 82 S.W.3d 44,56(Tex.App.-Tyler 2002, no pet.). "The dismissal must be without prejudice because a dismissal with prejudice is a finalsdedisionhonmthétmeŕitś.Ḧ tĪd5atH56. vHowever,

6

"petitioner is not required to amend its pleading until after court rules on plea to jurisdiction." Texas A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835,839-40(Tex.2007), and only then would dismissal for a plea to jurisdiction be permitted to be with prejudice "because a plaintiff should not be permitted to relitigate jurisdiction once a court has determined there is no waiver to governmental immunity. Harris Cty. v. Sykes, 136 S.W.3d 635,639(Tex.2004).

Regardless, whether Brickley intended to rely upon the Texas Penal Code or another statute does not negat the facts of the claims against appellee, nor would the facts preclude the trial court jurisdiction of the claims, because when filing a claim for theft or other criminal acts in a civil suit, the requirements of the penal code statute must be met, as has been done for years. See City of Watauunga v. Gordon, 434 S.W.3d 586(Tex.2015); See also Tex.Civ.Prac.-& Rem.Code §134.002.

Therefore, if the court, without affording Brickley notice or the ability to amend, or a hearing on the facts, it should not have dismissed the case with prejudice.

## ARGUMENT

Issue 2: The trial court erred in dismissing the case for jurisdiction.

## ARGUMENT & AUTHORITIES

Standard of Review: "Whether a court can exercise subject-matter-jurisdiction is a question of law that is reviewed de novo." Harris Cty. v. Annab, 547 S.W.3d 609,612(Tex.2008). In an appeal of a case involving jurisdictional challenge to the pleadings, the appellate court must accept as true all factual allegations in the plaintiff's petition. See Axtell v. University of Tex., 69

7

S.W.3d 261,264(Tex.App.-Austin 2002, no pet.) The court examines the pleader's intent and construes the pleadings in the plaintiff's favor. Houston Belt & Terminal Ry. v. City of Houston, 487 S.W.3d 154,160(Tex.2016).

Here, the court relied upon Mr. Pons claims on behalf of the appellee, that brickley's claims were brought strictly under the Texas Penal Code, a claim on the application of the law rather than facts; instead of construing the pleadings in the plaintiff's favor. Where Brickley never requested jail time for the defendant's action or any other criminal prosecutions, but merely remedy for the transgressions against him by Mitchell. Although the Supremer Court does not recognize spoilation of evidence as a tort cause of action, it does recognize the claims made by Brickley. As mentioned above, the TCPRC specifically uses the Texas Penal Code's theft statutes as elements to prove in a civil case; hence, the legislated Texas Theft Liability Act. Tex.Civ.Prac. & Rem.Code § 134.001. Therefore, instead of merely nameing the actions harming Brickley, he made sure to outline every element of the claims which need be proven at trial against Mitchell, putting her on notice of the claims against her as would be requested pursuant to Texas Rule of Civil Procedure 194.2. Therefore, dismissal of the suit for being thorough, and applying a different intent to his suit was error, and should not have been dismissed for jurisdiction, with or without prejudice.

## ARGUMENT

Issue 3: The trial court erred by not providing plaintiff an opportunity to amend his petition.

## ARGUMENT & AUTHORITIES

If the jurisdictional defect can be cured by an amendment, the court should allow the plaintiff to amend. Westbrook v. Penly, 231 S.W.3d 389,395(Tex.2007); See e.g. Clint ISD v. Marquez,487 S.W.3d 538,558-59(Tex.2016)(dismissal proper when amendments would not change the nature of P's claims that require exhaustive remedies to be exhausted before filing suit; jurisdictional bar arose from factual allegations). However, a "plaintiff is not entitled to amend its petition if its petition affirmatively negates jurisdiction." Meyers v. JDC/Firethrone, Ltd.,548 S.W.3d 477,486(Tex.2018).

"A petition containing multiple claims should not be dismissed just because the court lacks jurisdiction over one of the claims." See Thomas v. Long,207 S.W.3d 334,338-39(Tex.2006). The court may dismiss or abate the claims over which it does not have jurisdiction. See id.

Here, the facts show that Mitchell kept the legal mail from Brickley on multiple occasions(C.R. pp. 5-46), with intent to deprive him of the legal mail. Where had she only checked with the courts, she would not have had to suspect that the mail came from someone else. The deprivation could easily be shown to ensure that Brickley had no opportunity to respond in a timely manner in the seperate courts for the above metioned lawsuits, resulting in the violation of Brickley's inmate civil rights; prevention of a civil process; and theft, all civil torts, as well as violations of penal law in which Brickley outlined in his petition.(C.R. pp 5-46). Where each factual allegation, which the court must take as true when considering dismissal, falls within the courts subject-matter-jurisdiction to act. Therefore, the trial court erred by dismissing the without affording Brickley the opportunity to amend his petition

9

to cure any presumed defective statements.

## ARGUMENT

Issue 4: The trial court erred by not allowing plaintiff an opportunity to request attorney, Jacobi I. Pons, to show authority to act once his representation was made known.

## ARGUMENT & AUTHORITIES

"A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act...".Tex.R.Civ.Proc. 12. Here, Brickley shows that he was never afforded opportunity to challenge the authority of Jacobi Pons, of the Texas Attorney general's Office to act as attorney for Codi Mitchell, because he was never aware of Mr. Pons representation until after the case was already dismissed.

"The procedure prescribed by Rule 12 for requiring an attorney to show his authority to act for a party presupposes the possibility that an attorney can be counsel of record for a party he is not authorized to represent. The [TRCPs] contemplate that authorization may not have existed or may cease before the attorney has withdrawn from the case." In re Users Sys. Servs., 22 S.W.3d 331,335(Tex. 1999). Here, Ms. Codi Mitchell, although an employee of the state, was sued in her individual capacity for acts violative of the law and TDCJ policy, which would waive a claim of immunity. The Texas Attorney General has no authority to represent an individual without claiming sovereign immunity, which the record is void of. See Tex.Gov't Code § 402.021.

Here, had Brickley known of the Texas Attorney General's represe-

10

ntation of Ms. Mitchell, by Jacobi Pons, and been afforded an opportunity to request him to show authorization to act, his motion would have been timely, and as a result, Mr. Pons plea to the jurisdiction would have been moot. Instead the trial court ruled upon the plea three days after it was electronically recieved.(C. R. pp. 92-98), before Brickley was even aware of the pleading. This was unfair error, because had the opportunity been had or proper notice been given, the plea to jurisdiction would not have been allowed after an interloctory challenge to the attorney's authority to act.

## ARGUMENT

Issue 5: The trial court abused discretion by not ordering appointment of counsel.

## ARGUMENT & AUTHORITIES

Brickley made multiple attempts to have the trial court appoint counsel.(C.R. pp.48-50),(R.R. at 6). The trial court refused despite the allegations that Mitchell was continuosly withholding his legal mail in route to the same court, stating that there was no known law allowing authorization to appoint counsel to him.(R. R. at7). Brickley expressed that he had no way of finding counsel due to his status as an inmate, and even pleaded that the counsel would only be used to file documents.Id. However, the court does have authorization to appoint counsel to an indigent person pursuant to Tex.Gov't Code § 24.016, there must be an exception for an inmate who has no real access to the outside world and any attempt to contact help is cut short by the very people who are causing the harm. Considering the intentions of the Supreme Court in Dunsmore v. Hanley, No.14-15-00321-CV,2016, Tex.App. LEXIS 9322

11

(Tex.App.-Houston[14th Dist.] Aug.25,2016, pet. denied), where the Supreme Court has appointed counsel in the public and private interests so that justice may be served, the court should exercise discretion and appoint counsel.

Here, the sheer amount of complaints to the courts of interference by Mitchell in this case and the previous, prior to Mr. Pons suprise appearance was enough to show exceptional circumstances, paired with Brickley's inability to contact attorneys on his own should have been enough to allow and pursuade the trial court to appoint counsel to avoid signs of unfairness in the courts.

## CONCLUSION

Brickley clearly sued Codi Mitchell for wrongs against him, committed by her in her individual capacity in violation of the law and TDCJ policies; because no policy can legally permit one to break the law. Regardless of the statute outlined in the petition, the pleadings could not have possibly been intended to pursue a suit under the Texas Penal Code, and if the reference to the penal code were stricken from the petition, the facts would still be that Mitchell wronged Brickley and,if liberally construed, Brickley would be entitled to redress. Therefore a dismissal, with prejudice or without, was made in error. Added to that, without the opportunity to amend the petition to strick that language or a hearing on the facts, the trial court can not rightfully justify dismissal of the suit with prejudice.

Where Brickley had no knowledge of Mr. Pons representation of Ms. Mitchell until after the suit was adjudicated, he was not afforded the opportunity to request Pons' authority to act, therefore, Mr. Pons was allowed to file any motion he wanted uncontested in the

12

in the very place such contest is made for, the courts. Such a one sided process is unjust and unfair and has no place in the courts. Lastly, where the Supreme Court recognizes using some discretion to discern whether or not appointment of counsel is required to ensure justice served, the complaints laid out in the suit should have been enough to obtain that decision to appoint counsel where Brickley complained of his documents not being recieved or fully understanding any part of the law associated in this case, allowing not only Ms. Mitchell to take advantage of him in this case, but to unjustly add the power of theState Attorney General's Office against him as well, appointment of counsel should have been ordered.

## PRAYER

For these reasons, Brickley respectfully requests this Court to remand this case back to the trial court for proceedings and to allow Brickley to request Mr. Pons authority to act as counsel, and ORDER appointment of counsel for Brickley in this suit.

Respectfully submitted,

JAMES BRICKLEY
3201 FM 929
GATESVILLE, TEXAS 76597

## CERTIFICATE OF SERVICE

I hereby certify that I, James Brickley, has sent the foregoing brief and accompanying documents to my agent with express instructions to forward the same to the opposing counsel at the address listed below via certified mail return reciept requested.

13

Executed on this the 2nd day of June, 2025.


·JACOBI I. Pons
 ASST. ATTORNEY GENERAL
 LAW ENFORCEMENT DEFENSE DIV.
 OFFICE OF THE ATTORNEY GENERAL
 P.O. BOX 12548, CAPITOL STATION
 AUSTIN, TEXAS 78711


_JAMES BRICKLEY_  2 June 2025
JAMES BRICKLEY
3201 FM 929
GATESVILLE, TEXAS 76597

14

No. 15-25-00063-CV

JAMES BRICKLEY,
Appellant,

v.

CODI MITCHELL,
Appellee.

---

APPELLANT'S APPENDIX

LIST OF DOCUMENTS

1. Trial Court's Order to dismiss, dated March 27,2025
   (C.R. at 97).....................................Tab 1

2. Findings of Fact and Conclusions of Law, dated
   May 5,2025 (C.R. pp. 126-128).........................Tab 2

3. Sheriff's Department Refusal to Serve Defendants
   (C.R. pp. 56-59)...................................Tab 3

4. TDCJ's notice of certified mail from Jacobi Pons, recie-
   eved on April 1,2025. ..............................Tab 4

5. TDCJ's notice to pick up legal mail from the mail room-
   Court's Order of dismissal............................Tab 5

6. Copy of the returned legal mail provided by TDCJ's
   mail room...........................................Tab 6

15

Tab 1

CAUSE NO. DC-24-55952

| | | |
|---|---|---|
| JAMES BRICKLEY, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CORYELL COUNTY, TEXAS |
| | § | |
| CODI MITCHELL, | § | |
| *Defendant.* | § | 440TH JUDICIAL DISTRICT |

## DEFENDANT'S PLEA TO THE JURISDICTION

On this day the Court considered defendant Codi Mitchell's Plea to the Jurisdiction. Having considered the motion and arguments of the parties, the Court is of the opinion that the motion should in all things be **GRANTED**. The Court finds that this court lacks subject-matter jurisdiction over Plaintiff James Brickley's claims pursuant to the Texas Penal Code. The Court also finds that this is an incurable defect for which leave to amend is futile. It is therefore:

**ORDERED** that defendant Mitchell's motion is **GRANTED**. It is further

**ORDERED** that plaintiff Brickley's claim against defendant Mitchell are **DISMISSED** with prejudice.

Signed this 27 day of March, 2025.

JUDGE PRESIDING

Filed
CORYELL COUNTY
10:30 o'clock

MAR 2 8 2025

DISTRICT CLERK

97

Tab 2

## CAUSE NO. DC-24-55952

| | | |
|---|---|---|
| JAMES BRICKLEY,<br>*Plaintiff,* | § § § | IN THE DISTRICT COURT OF |
| v. | § § | CORYELL COUNTY, TEXAS |
| | § | |
| CODI MITCHELL,<br>*Defendant.* | § § | 440TH JUDICIAL DISTRICT |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff James Brickley, proceeding *pro se*, brought this action on June 25, 2024. On March 27, 2025, the Court considered defendant Codi Mitchell's Plea to the Jurisdiction. The Court granted Mitchell's plea, thereby disposing of all claims in this case. Pursuant to Texas Rule of Civil Procedure 296, Brickley requested the Court enter a Finding of Facts and Conclusions of Law. Accordingly, the Court makes the following finding of facts and conclusions of law:

## FINDINGS OF FACT

1. Plaintiff James Brickley is an inmate under the custody of the Texas Department of Criminal Justice ("TDCJ") at the Alfred D. Hughes Unit.

2. Defendants Codi Mitchell is an employee of TDCJ and works in the mailroom at the Hughes Unit.

3. Brickley sues Mitchell, alleging that Mitchell denied him access to legal mail and claiming violations of Texas Penal Code:

   - Section 31.03: *Theft*;

   - Section 31.20: *Mail Theft*;

   - Section 38.16: *Preventing Execution of Civil Process.*

   - Section 39.02: *Abuse of Official Capacity*;

   - Section 39.04: *Violations of the Civil Rights of Person in Custody; Improper Sexual Activity With Person in Custody or Under Supervision*;

Filed
CORYELL COUNTY
2:30 o'clock p.m.

MAY 06 2025

*Buly Ufou*
DISTRICT CLERK

4. Brickley seeks monetary and injunctive relief.

5. Brickley alleges that, on one occasion, Mitchell denied legal mail addressed from the 440th District Court and, on another occasions, he denied legal mail addressed from the Tenth Court of Appeals, Waco Division.

6. Brickley alleges that, in each instance, Brickley alleged that Mitchell explained to him that he believed the mail was falsely addressed from the courts.

7. Brickley alleges that outgoing legal mail was not being sent by the mailroom. Brickley does not specify any particular instances in which mailroom employees failed to send his legal mail nor specify Mitchell's personal involvement.

8. Mitchell filed his Plea to the Jurisdiction on March 25, 2025.

## CONCLUSIONS OF LAW

1. This Court lacks subject-matter jurisdiction over Brickley's Texas Penal Code claims. *Joyner v. DeFriend*, 255 S.W.3d 281, 283 (Tex. App.—Waco 2008, no pet.) (citing *Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex.1998)).

2. Texas courts do not recognize private causes of action for penal code violations. *Id.*

3. Brickley was not entitled to an opportunity to amend his Original Petition because the jurisdiction defects in his Texas Penal Code claims could not be cured through amendment. *Sai Monahans Brother Hosp., LLC v. Monahans Econ. Dev. Corp.*, 657 S.W.3d 438, 450 (Tex. App.—El Paso 2022, no pet.) (quoting *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016)).

4. Dismissal with prejudice is appropriate because Brickley's Original Petition affirmatively negates the Court's jurisdiction. *Harris Cnty. Hosp. Dist. v. Parker*, 484 S.W.3d 182, 191 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

The Court finds Defendant's Plea to the Jurisdiction should be granted. It is therefore

ORDERED that all claims against Defendants are DISMISSED with prejudice.

SIGNED on this the _5_ day of _May_ , 2025.

JUDGE PRESIDING

Tab 3

# CITATION

THE STATE OF TEXAS:

440TH JUDICIAL DISTRICT COURT

COUNTY OF CORYELL

CAUSE NO. DC-24-55952

TO:   C MITCHELL AKA: CODI MITCHELL
**MAIL ROOM CLERK**
3201 FM 929
GATESVILLE, TX 76597

RECEIVED
CIVIL PROCESS
3 DAY OF JULY 2024
11 O'CLOCK A M
CORYELL COUNTY
SHERIFF'S OFFICE

Defendant, in the hereinafter styled and numbered cause:

You are hereby commanded to appear before the Honorable 440TH JUDICIAL DISTRICT COURT of Coryell County, Texas, to be held at the Courthouse in said County in the City of Gatesville, Coryell County, Texas, by filing a written answer to the petition of plaintiff at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number DC-24-55952 styled:

JAMES BRICKLEY

vs.

C MITCHELL AKA: CODI MITCHELL

filed in said court on the 06/25/2024.

The name and address of the attorney for plaintiff, or the address of the plaintiff is:
JAMES BRICKLEY
3201 FM 929
GATESVILLE, TX 76528, PRO SE

NOTICE TO RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

WITNESS, Becky Moore, District Clerk of the 440TH JUDICIAL DISTRICT COURT of Coryell County, Texas.

Issued and given under my hand and seal of said Court at office this the 3rd day of July, 2024.

Becky Moore, District Clerk
Coryell County, Texas
P.O. Box 4 Gatesville, Texas 76528

By KIESHA GAJDICA, DEPUTY

## RETURN OF SERVICE

Cause Number: DC-24-55952
JAMES BRICKLEY

vs

C MITCHELL AKA: CODI MITCHELL

440TH JUDICIAL DISTRICT COURT
CORYELL COUNTY, TEXAS

**Executed when copy is delivered:**

This true copy of the original citation was delivered to defendant _____, on the _____ day of
_____, 20___.

NAME AND ADDRESS FOR SERVICE:
C MITCHELL AKA: CODI MITCHELL
MAIL ROOM CLERK
3201 FM 929
GATESVILLE, TX 76597

_____, Officer
_____ County, Texas
By: _____ Deputy

## OFFICER'S RETURN

Came to hand on the __3rd__ day of __July__, 20__24__, at __1L__, o'clock __A__.m., and executed in __Coryell__ County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the , at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|---------------------------------------------|
| | | |

And not executed as to the defendant(s), __C Mitchell AKA Codi Mitchell__

The diligence used in finding said defendant(s) being: __not enough information to locate. No personal identifiers__
and the cause or failure to execute this process is: __not enough information to locate. need personal identifiers.__
and the information received as to the whereabouts of said defendant(s) being: __none. Need home address or phone__

FEES:
Serving Petition and Copy $_____
Total                    $_____

__Scott A. Williams__ Sheriff
__Coryell__, County, Texas
By: __Mc2n #733__, Deputy
__733__

Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

*My name is _____, my date of birth is _____, and my address is
        (First, Middle, Last)

_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

## CIVIL PAPERS- MASTER DETAILS REPORT

| RECEIVED TIME | RECEIVED DATE | CAUSE NUMBER | COURT |
|---|---|---|---|
| 1 t:00:00 | 07/03/2024 | DC-24-55952 | CORYELL CO DIS CT |

**SERVED PERSON**
Name : MITCHELL , CODI                                    Address : HUGHES UNIT

Zip Code : 76597        City : GATESVILLE        State : TX        Address ( 2 ) :EMPLOYEE        Phone : N/A

**EMPLOYER INFORMATION**
Name :                                          Address :

Zip Code : N/A        City :        State :        Work Phone : N/A

**RETURN PERSON**
Name : DISTRICT CLERK,                                    Address :

Zip Code : 76528        City : GATESVILLE        State : TX        Address ( 2 ) :

**SERVICE**

Officer Name :MEZA, EDWARD        Service Status : UNSERVED        Served Date / Time : 07/03/2024    / 12:21:06

Remarks : CITATION- PLAINTIFF'S ORIGINAL PETITION

WORKS AT TDCJ  WE CANNOT SERVE EMPLOYEES AT TDCJ OR ON TDCJ PROPERTY. NO PERSONAL INDENTIFIERS PROVIDED. CANNOT LOCATE TO SERVE

Filed
CORYELL COUNTY
11:30 o'clock
JUL - 8 2024
DISTRICT CLERK

# WARRANT OR CIVIL SERVICE REPORT

This paper is returned UNSERVED
for the reason checked below.

| | |
|---|---|
| | Recalled By Your Department |
| | Incorrect—No Such Address |
| | Moved—No Forwarding Address |
| | Unknown At Address Shown |
| | Moved—New Address Is |
| | Left Place Of Employment |
| | Not Listed In Any Directory |
| | Subject Received _____ Years at TDC, Huntsville, Texas Place Detainer There. |

REMARKS:

Unable to locate
Need personal identifiers
(home address and/or
phone)

CORYELL COUNTY SHERIFF'S OFFICE
SCOTT A. WILLIAMS, SHERIFF

By: _Mezn #733_

DEPUTY

DATE: 07/03/2024

Tab 4

**SUBJECT:** *State briefly the problem on which you desire assistance.*

I am requesting a reciept from the mailroom, showing what day I signed for and recieved the certified mail from the Attorney General's Office, April 1 2025 was the date I recieved the mail from Ms. Ford.

April 8th 2025

Name: James Brickley

Living Quarters: 19 X-67

No: 2289486     Unit: Hughes

Work Assignment: Laundry Folder

**DISPOSITION:** (Inmate will not write in this space)

Ken Paxton - Atty General
P.O. Box 12548
Austin, Tx 78711

arrived 3-28-25 mail
served 4-1-25

Tab 5

Exhibit 2

## NOTIFICATION TO COME BY MAIL ROOM

19X-67 _____ UNIT

Inmate Name Brickley, James Date 4-07-25

Inmate No. 02289486 _____

The above named inmate is required to come to the mail room
__4-08-25   chow_____
(Date and Time)

regarding the following matter:

_____ Questionable Correspondence
_____ Questionable Publication
_____ Package
___✓___ Legal, Special, or Media Correspondence
_____ Other

Inmate's Signature _____ Date _____

Notifying
Officer's Signature _____
Original—Return to unit mail room.
Copy—Give completed copy to inmate.          ☆I-152 (NRD)

Tab 6

PURPLE HEART