# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-25-00228-CV

---

Courageous Conservatives PAC,
Appellant

v.

Hon. Pat Curry, State Representative for House District 56
and Curry for Texas (A Campaign),
Appellees

---

On appeal from the
74th District Court of McLennan County, Texas
Senior Judge Jack Jones, presiding
Trial Court Cause No. 2025-131-3

---

JUSTICE SMITH delivered the opinion of the Court.

### MEMORANDUM OPINION

We deny the motion for reconsideration en banc filed on December 30, 2025 by The Honorable Pat Curry, State Representative for House District 56, and Curry for Texas, a Campaign.[1]  However, we withdraw this Court's opinion and judgment dated December 11, 2025 and substitute this opinion and its

---

[1] We grant Curry's motion for extension of time to file the motion for reconsideration en banc.

associated judgment in their place.

In the underlying proceeding, The Honorable Pat Curry, State Representative for House District 56, and Curry for Texas, a Campaign, sued Courageous Conservatives PAC for alleged statutory violations stemming from text messages disseminated by the PAC and a graphic posted on the PAC's Facebook page. The PAC's motion to dismiss, filed pursuant to the Texas Citizens Participation Act (TCPA), was denied by operation of law. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001-.011. The PAC filed this interlocutory appeal of that denial. *See id.* § 51.014(a)(12). We reverse and remand.

## BACKGROUND

Curry was elected to represent Texas House District 56 for a term beginning in January 2025. In anticipation of the vote for the Republican candidate for Speaker of the House in the Texas Legislature, the PAC paid a vendor to send text messages to Republican voters urging them to contact their representative and ask them not to vote for Dustin Burrows for House Speaker. In Curry's district, the text message displayed a photo of Curry and referred to him as a "turncoat" who has betrayed the Republicans by trying to elect "CLOSET-DEMOCRAT SPEAKER, Dustin Burrows." The message included Curry's personal cell phone number. The same graphic was posted on the PAC's Facebook page.

Curry sued the PAC for violating Election Code disclosure requirements and requested a declaration that the messages constituted political advertising requiring disclosure of the political committee authorizing the advertisement. Further, Curry alleged the PAC violated the Election Code by failing to file a treasurer appointment with the Texas Ethics Commission and requested injunctive relief ordering the PAC to cease and desist from political advocacy in Texas until a treasurer report is filed. Curry also asked the trial court to order the PAC to remove his personal phone number from future advocacy as it violates the Texas Penal Code, find that the messages violate Government Code Chapter 302 provisions relating to political contributions for Speaker of the House races, and order the PAC to "take down" the existing posts or redact Curry's phone number.

The PAC filed a motion to dismiss Curry's lawsuit pursuant to the TCPA, asserting that statute applies because the allegations in the lawsuit implicate the PAC's rights to free speech, association, and petition. Further, the PAC contended that Curry cannot establish a prima facie case for any of his claims, requested dismissal of the suit, and asked for an award of its attorneys' fees and for sanctions against Curry. Although it held a hearing, the trial court never ruled on the motion, allowing it to be denied by operation of law.

## TEXAS CITIZENS PARTICIPATION ACT

By its issues one, two, three, five, seven, and eight, the PAC contends the trial court erred in failing to grant its motion to dismiss because the TCPA applies to Curry's claims, the commercial speech exemption does not apply, and Curry cannot establish a prima facie case for any of his claims.

**Standard of Review**

We review de novo the denial of a TCPA motion to dismiss. *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019). In deciding whether a legal action should be dismissed under the TCPA, we consider "the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). The plaintiff's allegations, and not the defendant's admissions or denials, constitute the basis of a legal action. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). We review the pleadings and evidence in the light most favorable to the nonmovant. *Schimmel v. McGregor*, 438 S.W.3d 847, 855-56 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

**Applicable Law**

The TCPA protects citizens from retaliatory lawsuits that seek to silence or intimidate them on matters of public concern. *In re Lipsky*, 460 S.W.3d 579,

586 (Tex. 2015) (orig. proceeding). The TCPA establishes a multi-step process for the expedited dismissal of legal actions that are based on or in response to a party's exercise of the right of free speech, right to petition, or right of association. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). Initially, the party who files a motion to dismiss under the TCPA must show that the legal action is based on or is in response to the movant's exercise of the above-enumerated protected rights. *Id.* § 27.005(b). If the movant meets that burden, then under the second step, the burden shifts to the non-movant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). If the non-movant fails to satisfy its burden to present a prima facie case under Section 27.005(c), the trial court must dismiss the action within the TCPA's expedited time frame. *See id.* § 27.005(b)-(c); *see also id.* §§ 27.003(b), .004, .005(a), .008. However, if the non-movant satisfies its burden to present a prima facie case, the movant may still obtain dismissal by establishing each essential element of a valid defense to the nonmovant's claim. *Id.* § 27.005(d); *Youngkin v. Hines*, 546 S.W.3d 675, 679-80 (Tex. 2018). Intertwined with and overlying this multi-step dismissal process is the TCPA provision exempting certain actions from its application. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.010.

**Discussion**

In the PAC's first issue, it contends that all of Curry's claims implicate the TCPA. It argues that the texts and Facebook post that prompted Curry's suit constitute the exercise of the right of free speech as they are communications made in connection with a matter of public concern, as well as communications within the right of association, and the right to petition.

After the PAC sent text messages and created a Facebook post urging residents in Curry's district to contact him regarding his upcoming vote for Speaker of the House, Curry filed a lawsuit attempting to get declaratory and injunctive relief in response to the PAC's communications. A lawsuit is a legal action under the TCPA. *Id*. § 27.001(6). The texts and post concerned a vote within the legislature for a public official in a leadership role. The TCPA defines "exercise of the right of free speech" as a communication made in connection with a matter of public concern. *Id*. § 27.001(3). A "matter of public concern" includes an issue related to a public official or public figure. *Id*. § 27.001(7)(A). Accordingly, the PAC showed that the lawsuit was in response to the PAC's exercise of its right to free speech and susceptible to a TCPA motion to dismiss. *Id*. § 27.003(a). Because Curry's claims implicate the TCPA, we sustain the PAC's first issue.

In its second issue, the PAC asserts that the TCPA's commercial speech

exemption does not apply to make the TCPA inapplicable to Curry's lawsuit as argued by Curry in his response to the motion to dismiss.

The TCPA's commercial speech exemption applies when (1) the defendant was primarily engaged in the business of selling or leasing goods or services, (2) the defendant made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller or lessor of those goods or services, (3) the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services the defendant provides, and (4) the intended audience of the statement or conduct were actual or potential customers of the defendant for the kind of goods or services the defendant provides. *Id*. § 27.010(a)(2); *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018) (per curiam).

The PAC is an independent expenditure-only political action committee. A "political committee" means "two or more persons acting in concert with a principal purpose of accepting political contributions or making political expenditures." TEX. ELEC. CODE ANN. § 251.001(12). The PAC's chairman, Christopher Ekstrom, explained in his affidavit accompanying the motion to dismiss that the PAC pays for communications supporting and opposing federal and nonfederal candidates.

The PAC is not engaged in the business of selling or leasing goods or

services. It did not send out the text messages or post the Facebook page in the capacity of seller or lessor of goods or services. The messages and Facebook post did not arise out of a commercial transaction involving goods or services. The intended audience was not actual or potential customers of the PAC for goods or services. Accordingly, the commercial speech exemption does not apply to remove Curry's lawsuit from the TCPA's reach. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(a)(2). We sustain the PAC's second issue.

In its third issue, the PAC contends that its status as an out-of-state political committee negates any prima facie case for Curry's allegations that the PAC violated the provisions of the Texas Election Code requiring appointment of a treasurer, prohibiting political expenditures until a treasurer is appointed, and requiring campaign finance reports to be filed.

Title Fifteen of the Election Code, comprised of Chapters 251 through 259, governs the regulation of political funds and campaigns. *See* TEX. ELEC. CODE ANN. §§ 251.001-259.003. The code requires each political committee to appoint a campaign treasurer as provided by Chapter 252. *Id.* § 252.001. A political committee may not knowingly accept political contributions totaling more than $500 or make or authorize political expenditures totaling more than $500 at a time when a campaign treasurer appointment for the committee is not in effect. *Id.* § 253.031(b). Chapter 254 governs recordkeeping by each

candidate, officeholder, and campaign treasurer of a political committee, setting out requirements such as contents, form, and filing deadlines. *See id.* §§ 254.001-254.262.

Generally, an out-of-state committee is not subject to Chapters 252 or 254. *See id.* §§ 251.005(a), 253.031(e). An "out-of-state political committee" is defined by the Election Code as a political committee that makes political expenditures outside this state, and, in the twelve months immediately preceding the making of a political expenditure by the committee inside this state, other than an expenditure made in connection with a campaign for a federal office or made for a federal officeholder, makes eighty percent or more of the committee's total political expenditures in any combination of elections outside this state and federal offices not voted on in this state. *Id.* § 251.001(15). If an out-of-state committee performs an activity that removes the committee from out-of-state status as defined by Section 251.001(15), the committee becomes subject to Title 15 of the Election Code to the same extent as a political committee that is not an out-of-state committee. *Id.* § 251.005(c).

Here, the expenditures for the PAC's text messages were made on December 9, 2024. Therefore, we look back to the twelve months before that expenditure to determine if the PAC's out-of-state expenditures comprised eighty percent or more of its total political expenditures in that time period.

*See id.* § 251.001(15).  The record includes copies of the PAC's reports of receipts and disbursements, covering July 1, 2023 through December 31, 2024, filed with the Federal Election Commission.  The vast majority of the expenditures made during the pertinent time period, more than eighty percent, were for elections voted on in other states.    Accordingly, the PAC is an out-of-state committee for purposes of the Texas Election Code and is not required to comply with the provisions for appointing a treasurer pursuant to Chapter 252, filing reports pursuant to Chapter 254, or limiting its expenditures pursuant to Section 253.031(b).  *See id.* § 251.005(a).  We sustain the PAC's third issue.

In its fifth issue, the PAC contends that Curry cannot make a prima facie case for his claim that the text messages and Facebook post did not include disclosures required by Section 255.001(a).   That section requires political advertising containing express advocacy to indicate that it is political advertising and provide the name of the political committee authorizing it.  *See id.* 255.001(a).  The PAC first argues that the disclosure requirement does not apply in this case.   We need not address that argument because we agree with the PAC's second argument, that it did comply with the disclosure requirements.

Curry attached exhibits in support of his original petition showing pictures of the texts and the Facebook post.   Although one picture of the text

message does not appear to include the disclosure, a larger version of the text, labeled Plaintiff's Exhibit A and Appendix 2, includes the words "Pol. Adv. paid for by Courageous Conservative PAC." Plaintiff's Exhibit B, also labeled Appendix 3, appears to be a screen shot of the PAC's Facebook page showing the same graphic and accompanying words. It also includes the disclosure that it is a "Pol. Adv. paid for by Courageous Conservative PAC." Because the texts and Facebook post complied with Section 255.001(a), Curry cannot make a prima facie case for his claim that the PAC failed to comply with the Election Code's disclosure requirements. *See id.* We sustain the PAC's fifth issue.

In its seventh issue, the PAC asserts that Curry cannot establish a claim pursuant to Chapter 302 of the Government Code because he lacks standing to raise this claim. In his petition, Curry admits there are no reports to show the nature of the PAC's expenditures but suggests they may violate Chapter 302's prohibition on the expenditure of funds to aid or defeat a speaker candidate collected under Election Code Title Fifteen. *See* TEX. GOV'T CODE ANN. § 302.0191. A violation of Section 302.0191 is a Class A misdemeanor. *See id.* § 302.021(e-1), (f). But a cause of action for the violation of Chapter 302 is not available to Curry. *See id.* § 302.022 (providing that each prosecution under this subchapter must be brought by indictment.) We sustain the PAC's seventh issue.

In its eighth issue, the PAC asserts that Curry cannot establish a prima facie case of a Penal Code violation. In his petition, Curry stated that he believes the disclosure of his personal phone number constitutes a violation of Penal Code Section 42.074. Although Curry indicated that the disclosure was reported to the Texas Department of Public Safety and was under investigation, he asked the trial court to order the PAC to remove his phone number from future advocacy. Curry cannot establish a prima facie case for a violation of Section 42.074 because Texas does not recognize a private cause of action for penal code violations. *See Joyner v. DeFriend*, 255 S.W.3d 281, 283 (Tex. App.—Waco 2008, no pet.). We sustain the PAC's eighth issue.[2]

## CONCLUSION

The PAC established that the TCPA applies to Curry's claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). Curry did not establish that the commercial speech exemption applies, he did not establish a prima facie case for any of his claims, and the trial court should have granted the PAC's motion to dismiss. We therefore reverse the trial court's denial, by operation of law, of the PAC's motion to dismiss. We remand the case to the trial court for further proceedings consistent with our resolution of this interlocutory appeal, including dismissal of Curry's claims against the PAC and consideration of an

---

[2] We need not reach the PAC's issues four or six. *See* TEX. R. APP. P. 47.1.

award of attorneys' fees to the PAC, and other relief authorized by the TCPA.

*See id*. § 27.009(a).

<br>

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  January 15, 2026

Before Justice Smith,
     Justice Harris, and
     Senior Justice Gabriel[3]
Reverse and remand
CV06



---

[3] The Honorable Lee Gabriel, Senior Justice (Retired) of the Second Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Texas.