**Affirmed and Memorandum Opinion filed December 18, 2025**



**In The**

# Fifteenth Court of Appeals

### NO. 15-25-00063-CV

**JAMES BRICKLEY, Appellant**

**V.**

**CODI MITCHELL, Appellee**

**On Appeal from the 440th District Court**
**Coryell County, Texas**
**Trial Court Cause No. DC-24-55952**

## MEMORANDUM OPINION

James Brickley, a pro se inmate, sued mailroom supervisor Codi Mitchell for twice refusing mail that Brickley claims was related to pending litigation. Brickley alleged that the denials violated several provisions of the Penal Code. The district court granted Mitchell's plea to the jurisdiction and dismissed the case with prejudice. We affirm.

# BACKGROUND

Brickley is incarcerated in the Aldred D. Hughes Unit of the Texas Department of Criminal Justice. Brickley alleges that mailroom staff twice denied him access to letters that were allegedly sent from Texas courts pertaining to ongoing litigation.[1] Mitchell, the mailroom supervisor, allegedly denied that the courts sent the letters and refused his invitation to examine the contents. Brickley sued Mitchell in her individual capacity seeking money damages for violating four sections of the Penal Code: 39.04 (civil rights of an incarcerated person), 38.16 (preventing civil process), 39.02 (abuse of official capacity), and 31.03 (theft).

Mitchell, represented by the Office of the Attorney General, filed a plea to the jurisdiction arguing there are no private rights of action under the Penal Code. The trial court sustained the plea and dismissed the case with prejudice. A month later, Brickley filed a Rule 12 motion to show authority arguing that Mitchell's counsel had no authority to represent her, a motion for appointment of counsel, and a response to the plea. The trial court denied the motion for appointment of counsel and did not rule on the Rule 12 motion. This appeal ensued.[2]

# DISCUSSION

Brickley argues that the trial court: (1) should have ruled on his motion to show authority, (2) erred by refusing to appoint counsel, (3) possessed subject-matter jurisdiction because he alleged claims under the Civil Practice and Remedies Code rather than the Penal Code, and (4-5) either should have either given him an opportunity to amend or dismissed without prejudice.

---

[1]    In one of those cases, we recently affirmed the dismissal of his suit against the warden and several corrections officers at the same facility. *Brickley v. Wagner*, 2025 WL 409084, at *1 (Tex. App.—15th Dist., Feb. 6, 2025, no pet.).

[2]    The trial court later issued findings of fact and conclusions of law.

## A. Motion to Show Authority and Motion to Appoint Counsel

Mitchell argues that we do not have jurisdiction over either motion because Brickley did not list them in his notice of appeal. Filing a notice of appeal invokes this Court's jurisdiction over all parties "to the trial court's judgment or order appealed from."[3] Appellants need not list every interlocutory order that they intend to challenge as long as the notice of appeal identifies the final order or judgment.[4] Brickley's notice states that he appeals from the "order to dismiss pursuant to defendant's plea to the jurisdiction." The order denying the motion for appointment of counsel is an interlocutory order that merged into the final judgment.[5] But Brickley filed the motion to show authority after the trial court signed the dismissal judgment. A notice of appeal from a final judgment vests the appellate court with jurisdiction to review rulings on motions for new trial or other motions to modify or correct the judgment.[6] But a motion to show authority requests a *pretrial* determination of an attorney's authority to represent a party, not a determination of any merits question.[7] In other words, granting a motion to show authority does not affect the judgment. Brickley's notice of appeal did not invoke our jurisdiction over it.

Turning to the merits, there was no error in refusing to appoint counsel. There

---

[3]     TEX. R. APP. P. 25.1(b).

[4]     *Perry v. Cohen*, 272 S.W.3d 585, 588 (Tex. 2008).

[5]     *See Regalado v. Securus Techs.*, 2023 WL 3370727, at *1 (Tex. App.—Fort Worth May 11, 2023, no pet.) (order denying motion for appointment of counsel is unappealable interlocutory order); *Phillips v. Phillips*, 2018 WL 2228627, at *1 (Tex. App.—Dallas May 16, 2018, no pet.) (same).

[6]     *See Johnson v. Harris County*, 610 S.W.3d 591, 594 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing many such cases).

[7]     *In re Moran*, 635 S.W.3d 394, 402 (Tex. App.—Beaumont 2021, orig. proceeding [mand. denied]) (failure to expressly rule on post-trial Rule 12 motion did not affect operations of plenary-power rules).

is generally no right to appointment of counsel in Texas in civil cases.[8] Courts have discretion to appoint counsel to represent an indigent party in a civil case.[9] A court does not abuse its discretion by refusing to appoint counsel unless the case is "exceptional."[10] "The mere fact that an indigent inmate brings a cause of action against an employee of the prison in which the inmate is incarcerated does not constitute exceptional circumstances."[11] Brickley's complaint that it is difficult to conduct litigation from prison, even with the alleged interference from mailroom staff, does not constitute exceptional circumstances.[12]

## B. Jurisdiction

As the plaintiff, Brickley had the burden to plead facts affirmatively demonstrating the court's jurisdiction to hear the cause.[13] Mitchell argued that Brickley did not meet this burden because Texas does not recognize private causes of action for violations of the Penal Code.

First, Brickley argues that the trial court erred when it cited *Joyner v. DeFriend* to support its conclusion that it lacked subject matter jurisdiction.[14] In *Joyner*, our sister court stated that Texas does not recognize private causes of action for Penal Code violations and cited *Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex.

---

[8]     *In re D.T.*, 625 S.W.3d 62, 72 n.5 (Tex. 2021). There are exceptions for civil litigants in cases involving termination of parental rights or court-ordered mental health services. *Erazo v. Sanchez*, 580 S.W.3d 768, 771 n.3 (Tex. App.—Houston [14th Dist.] 2019, no pet.). None of those circumstances are present here.

[9]     TEX. GOV'T CODE § 24.016.

[10]    *Gibson v. Tolbert*, 102 S.W.3d 710, 712–13 (Tex. 2003).

[11]    *Id.*

[12]    *See id.*; *Erazo*, 580 S.W.3d at 772 (citing cases where courts found no abuse of discretion when inmate sought counsel to help with difficulty of conducting litigation from prison).

[13]    *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 393 (Tex. 2022).

[14]    255 S.W.3d 281, 283 (Tex. App.—Waco 2008, no pet.).

1998).[15] Brickley argues that *Trevino* does not support the holding. Even if we assume that is true, other courts have held that "Texas does not recognize private causes of action for Penal Code violations" without citing to *Trevino*.[16] Brickley gives us no reason to think those decisions are wrong.

Brickley then argues that the trial court misunderstood his reliance on the four Penal Code provisions. He explains that he was not trying to hold Mitchell criminally liable but wanted damages under the Texas Theft Liability Act ("TTLA"), which incorporates certain parts of the Penal Code.[17] The Act creates a civil cause of action for theft,[18] defined as "unlawfully appropriating property or unlawfully obtaining services as described by Section *31.03*, 31.04, 31.06, 31.07, 31.11, 31.12, 31.13, or 31.14, Penal Code."[19] Mitchell responds that Brickley never raised a TTLA claim.

Our rules require "a short statement of the cause of action sufficient to give fair notice of the claim involved."[20] This standard is met if the opposing party "can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant."[21] Brickley alleged that Mitchell is "liable for theft" under Section 31.03 of the Penal Code and listed each element of that offense. Because the TTLA incorporates Section 31.03, Brickley argues that he thus set out

---

[15]    *Id.*

[16]    *Sankaran v. VFS Servs. (USA) Inc.*, 693 S.W.3d 883, 892 (Tex. App.—Houston [14th Dist.] 2024, pet. denied) (citing *Brown v. De La Cruz*, 156 S.W.3d 560, 566 (Tex. 2004)); *accord Leonard v. City of Burkburnett*, 2023 WL 8940816, at *22 (Tex. App.—Fort Worth Dec. 28, 2023, no pet.); *Donohue v. Dominguez*, 486 S.W.3d 50, 54 (Tex. App.—San Antonio 2016, pet. denied).

[17]    *See generally* TEX. CIV. PRAC. & REM. CODE § 134.001–005.

[18]    TEX. CIV. PRAC. & REM. CODE § 134.003(a).

[19]    *Id.* § 134.002(2) (emphasis added). Brickley does not explain how the TTLA is relevant to the claims under Sections 39.04, 38.16, or 39.02.

[20]    TEX. R. CIV. P. 47(a).

[21]    *Kinder Morgan SACROC, LP v. Scurry Cnty.*, 622 S.W.3d 835, 849 (Tex. 2021).

the elements of a TTLA claim without titling it as such.[22] But Brickley expressly alleged that Mitchell is liable under Section 31.03. He did not mention the TTLA until later, where he requests the $1,000 statutory penalty in addition to actual and exemplary damages and injunctive relief.[23] We liberally construe pleadings in favor of the petitioner,[24] but we "cannot use a liberal construction of the petition as a license to read into the petition a claim that it does not contain."[25] Liberally construed, his petition alleged only that Mitchell committed theft under Section 31.03 of the Penal Code, a claim for which there is no cause of action. The trial court did not err when it concluded that it lacked jurisdiction.

The question then becomes whether the trial court should have given him a chance to amend instead of dismissing with prejudice. If the pleadings are not sufficient to evoke jurisdiction, the pleader should be afforded an opportunity to amend "if the challenged jurisdictional defect may be cured with further factual allegations."[26] But the right to amend is not a mechanism for parties "over whose claims the trial court does not have jurisdiction, to plead new claims over which the trial court does have jurisdiction."[27] Brickley has no right to cure the jurisdictional defect by "changing the claims [he is] bringing."[28]

---

[22]  The TTLA does not incorporate the Penal Code provisions in Brickley's three other causes of action.

[23]  A successful plaintiff may recover actual damages plus a $1,000 penalty. TEX. CIV. PRAC. & REM. CODE § 134.005(a)(1).

[24]  *Webster v. Comm'n for Lawyer Discipline*, 704 S.W.3d 478, 498 (Tex. 2024).

[25]  *Tex. Tech Univ. Sys. v. Martinez*, 691 S.W.3d 415, 419 (Tex. 2024). Brickley's pro se status does not change this requirement. While we evaluate pro se pleadings with liberality and patience, there "cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves." *Goldstein v. Sabatino*, 690 S.W.3d 287, 295 (Tex. 2024) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)).

[26]  *Herrera v. Mata*, 702 S.W.3d 538, 541 (Tex. 2024).

[27]  *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016).

[28]  *Id.*; *see, e.g., Sai Monahans Brother Hosp., LLC v. Monahans Econ. Dev. Corp.*, 657

Repleading would be futile in any event. Brickley sued Mitchell in her individual capacity. A governmental employee may be sued in her individual capacity because governmental employees are individually liable for their own torts.[29] However, the Tort Claims Act provides that a suit is considered to be against the employee solely in the employee's official capacity if the suit is "based on conduct within the general scope of that employee's employment" and if it "could have been brought under this chapter against the governmental unit."[30] Both elements are met here.

A government employee acts within the scope of his employment when he performs duties lawfully assigned to him by a competent authority.[31] Brickley alleges that Mitchell, acting as mailroom supervisor, refused to forward his letters and also refused to inspect their contents. In other words, the allegations all relate to Mitchell's actions in her assigned role as mailroom supervisor.[32]

A suit could have been brought under the TTCA if the "claim is in tort and not under another statute that independently waives immunity."[33] There is no waiver of immunity under the TTLA,[34] and the Tort Claims Act expressly does not waive immunity for intentional torts.[35] Because Brickley's claim sounds in tort and are not brought under a statute with an independent waiver of immunity, the election-of-

---

S.W.3d 438, 450 (Tex. App.—El Paso 2022, no pet.) (plaintiff who failed to allege a valid waiver of sovereign immunity had no right to remand for it to plead new causes of action based on the same facts).

29    *Franka v. Velasquez*, 332 S.W.3d 367, 383 (Tex. 2011).

30    TEX. CIV. PRAC. & REM. CODE § 101.106(f).

31    *Id.* § 101.101(5).

32    *See Hosea v. Dominguez*, 668 S.W.3d 704, 709 (Tex. App.—El Paso 2022, pet. denied).

33    *Franka*, 332 S.W.3d at 381.

34    *See generally* TEX. CIV. PRAC. & REM. CODE § 134.001–005.

35    *See id.* § 101.057; *Franka*, 332 S.W.3d at 376 n.35.

7

remedy provision applies.

We recognize that section 101.106(f) applies only if a defendant files a motion to dismiss under it, which did not happen here. However, we are not limited to only the theories raised in the trial when reviewing a plea to the jurisdiction.[36] We must consider all jurisdiction arguments raised by the defendant on appeal.[37] We conclude that Mitchell's immunity argument is meritorious as a matter of law. The trial court did not err by dismissing without giving Brickley a chance to amend.

Brickley's final argument is that the dismissal should have been without prejudice. Dismissal without prejudice is proper only if the jurisdictional defect is curable.[38] That is not the case here.

## CONCLUSION

We affirm the trial court's order granting Mitchell's plea to the jurisdiction.

/s/    Scott A. Brister
Scott A. Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.

---

[36] *Tex. Dep't of Transp. v. Self*, 690 S.W.3d 12, 20–21 (Tex. 2024).

[37] *See id.* at 21 (quoting *Dallas Metrocare Servs. v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013)).

[38] *See, e.g., Herrera*, 702 S.W.3d at 541; *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("In general, a dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect.").